Maximilian Moss, S.
The widow of the testator has made this motion to disqualify the attorneys for the executors and their counsel, to restrain them from participating in the affairs of the estate and from continuing to appear for the executors in matters affecting the estate, and to require said attorneys and their counsel to restore to the estate all sums of money they have received for legal services or otherwise.
Testator’s will was duly admitted to probate and letters testamentary issued to his three children as the nominated executors therein. By the provisions of his will testator bequeathed $5,000 to his widow and provided other benefits for her, not necessary of enumeration, and bequeathed and devised the residue of his estate, in equal shares to his three children whom he named as executors. The widow filed a notice of election to take her intestate share in the estate as provided by section 18 of the Decedent Estate Law, and instituted a proceeding to determine *327 the validity of such election. The matter was settled by agreement wherein the widow was to receive 28%% of the net estate with the balance being distributable to testator’s children in equal shares.
Thereafter the widow instituted a proceeding to compel the executors to account and on their failure to file the account as directed made a motion to punish them for contempt. The account was filed and objections thereto were filed by the widow and examinations of the executors were allowed with reference to such account. In addition the widow sought to compel the executors to account in the estate of testator’s first wife under the terms of whose will testator was the income beneficiary of a trust of the residuary estate with the remainder of such trust bequeathed and devised to testator’s and his first wife’s three children, the executors of testator’s estate.
In all proceedings and in the motions therein the executors appeared by the attorneys whose disqualification is here sought, and in the litigated matters they retained as counsel the attorney named in the motion papers.
The basis of the present application is that the attorneys in representing the executors are indirectly representing the residuary beneficiaries who also happen to be the executors and thereby are espousing the cause of conflicting, adverse and incompatible interests. The widow asserts that in matters or proceedings in which she and the residuary beneficiaries, individually, only are concerned as opposed to the estate, the attorneys for the executors and the executors as such, should remain neutral.
It is axiomatic that executors and fiduciaries generally arc entitled to representation by attorneys of their own choosing. The fact that the executors are financially interested in the estate as residuary legatees and they may profit individually through the services of their attorneys is immaterial and does not lead to a conflict of interest. In instances where an executor may assert a personal claim against the testator or the estate it may be claimed that an attorney representing the executor in his representative capacity and individually appears for conflicting interests as the allowance of such a claim may reduce the shares of others beneficially interested in the estate. Such is not the situation here presented since the widow and children of testator share on a percentage basis in the estate pursuant to the aforesaid agreement and it is to the advantage of the executors to bring into the estate all available assets and to keep the expenses of administration to a minimum. There is nothing contained in the motion papers or affidavits in support thereof *328 to indicate any possible antagonism to the rights of the widow on the part of the attorneys for the executors or their counsel.
The cases cited by the widow in support of her motion are all clearly distinguishable on the factual situation. Suffice it to say they deal, in the main, with matters in which an attorney represented opposing parties or those for whom he formerly appeared in the same or related transactions where such former client is still interested in the matter in which he has been retained.
The motion to disqualify the attorneys for the executors and their counsel and to require them to return the sums received for legal services is in all respects denied. The question of the reasonableness of the amount so received may be disposed of and determined on the hearing of the objections to the account if objections to such compensation is raised.
The motion orally made in open court on the argument of the foregoing motion for a stay of all proceedings pending the determination of present appeals now before the Appellate Division and an appeal to be taken from the order to be made herein is denied.