PIPE FITTERS' LOCAL NO. 392 PEN-
SION PLAN, et al., Plaintiffs,

v.

Nancy V. HUDDLE, et al., Defendants.

No. C–1–81–363.

United States District Court,
S.D. Ohio, W.D.

Oct. 18, 1982.

Harold G. Korbee, Cincinnati, Ohio, for plaintiffs.

James C. Curry and Samuel H. Furer, Marc D. Mezibov, Cincinnati, Ohio, for defendants.

OPINION AND ORDER GRANTING
SUMMARY JUDGMENT TO
NANCY V. HUDDLE

SPIEGEL, District Judge:

This matter came on for consideration of cross-motions for summary judgment filed by defendant Nancy V. Huddle (doc. 13), Frank Elmer Huddle, individually and as Executor of the Estate of Hugh Huddle, deceased, and Marie Elizabeth Huddle (doc. 14), the reply memorandum of defendants Frank Elmer Huddle, individually and as Executor of the Estate of Hugh Huddle, and Marie Elizabeth Huddle (doc. 16), the memorandum of the Pipe Fitters' Local No. 392, et al. (doc. 17), and the reply memorandum of Nancy V. Huddle (doc. 18). The parties also presented a stipulation of facts and exhibits (doc. 11), which included all exhibits attached to the complaint and depositions that have been filed, including those of defendants Marie Elizabeth Huddle and Frank Elmer Huddle, and Rosalie Jackson, an employee of the plaintiff.

This action, an interpleader entitled "complaint for interpleader and declaratory relief on conflicting claims to employee death benefits" (doc. 1), was filed by the Pipe Fitters' Union Local 392 Pension Plan and Pipe Fitters' Union Local 392 Health and Welfare Plan. The defendants include Frank Elmer Huddle, as Executor of the Estate of Hugh Huddle, deceased, and indi-

vidually, and Marie Elizabeth Huddle, Nancy V. Huddle, and Marie Ann Huddle. Frank Elmer Huddle and Marie Elizabeth Huddle are children of Hugh Huddle, deceased, and Nancy V. Huddle is the widow of the deceased. Marie Ann Huddle, a former wife of the deceased, is herself deceased and no one claims through her.

Jurisdiction of the subject matter of this litigation and the parties is based upon the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001 et seq., 29 U.S.C. 1132(d)(1) and (2), (e)(1) and (2), and (g). Plaintiffs brought this action to determine who is entitled to the pension and health and welfare benefits which decedent had with the Pipe Fitters' Union Local No. 392 Pension Plan and Pipe Fitters' Union Local No. 392 Health and Welfare Plan, as conflicting claims to the benefits have been made by the defendants.

■ The narrow question which we must decide is whether there is "no genuine issue as to any material fact and [whether either of] the moving part[ies] is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The Court cannot try issues of face on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. In re Atlas Concrete Pipe, Inc., 668 F.2d 905, 908 (6th Cir. 1982). The moving party "has the burden of showing conclusively that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979) (emphasis original). And, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." Id. at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." Id., quoting Rule 56(c), Fed.R.Civ.P. Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." Id.

According to the stipulation of facts, at the time of his death on April 15, 1980, decedent, Hugh Huddle, had acquired entitlements in the Pipe Fitters' Union Local No. 392 Pension Plan of $16,297.17, and benefits in the Pipe Fitters' Union Local No. 392 Health and Welfare Plan of $3,000. Each of these plans permitted him to designate in writing a beneficiary to receive the available death benefits. At the time of his death, appropriate beneficiary designation cards dated April 23, 1979 and listing defendant Nancy V. Huddle, his surviving spouse, as beneficiary of the available proceeds of both plans were on file at the plaintiffs' offices (Exhibits G, I—doc. 1). At some time subsequent to June 20, 1980, plaintiffs received an unmarked envelope postmarked June 20, 1980, which contained designation of beneficiary cards purporting to effect on September 20, 1979 a change of beneficiary from defendant Nancy V. Huddle to the defendants Frank Elmer Huddle and Marie Elizabeth Huddle, children of the deceased (Exhibits D, E, F, J—doc. 1).

Frank Huddle testified that he watched his father sign the change of beneficiary cards, and that his father stated that his marriage with Nancy was over and he wanted to change the beneficiary. The son also testified that his father did not ask him to mail the cards in and that he did not see the cards again until after his father's death (deposition of Frank Huddle, 9–13). The daughter Marie Huddle testified that she was not present when her father signed the change of beneficiary cards but that he told her he was going to change the beneficiaries (deposition of Marie Huddle 7–8).

In an affidavit attached to her motion for summary judgment, the widow Nancy Huddle testified that when she visited her husband at home shortly before his death, he stated "to the best of my recollection, 'Little lady, you're lucky because I was going to change beneficiaries, but I didn't, and I'm not going to'" (doc. 13).

The manner in which designation and changes of beneficiaries are to be accomplished is specifically set forth in the plans

themselves. The Pension Plan, Section 6.7, provides in pertinent part:

6.7 *Designation of Beneficiaries...* Each beneficiary designation shall be filed with the trustees during the participant's lifetime. Each beneficiary designation filed with the trustee will cancel all beneficiary designations previously filed with the trustees....

The Health and Welfare Plan, Section 7.2(B), provides:

A covered employee shall have the right to change his or her beneficiary at any time and the consent of any beneficiary or beneficiaries shall not be required.... The covered employee shall designate a new beneficiary by filing a written request for such change with this Health and Welfare Fund, but such change shall become binding upon the Health and Welfare Fund and any insurance company with which the Fund has contracted to pay benefits under this Article, only upon receipt and acceptance of such written request to change beneficiaries at the office where the beneficiary records are kept as designated by this Health and Welfare Fund or any insurance company with which the Health and Welfare Fund has contracted to pay benefits under this Article.

Section 9 of the group insurance policy provided by Republic National Life Insurance Company of Dallas, Texas provides:

The right to change of beneficiary is reserved to the insured individual, and the consent of the beneficiary or beneficiaries shall not be requisite to any change in beneficiary. An insured individual may designate a new beneficiary at any time by filing written requests of such change, but such change shall become binding upon the company only upon receipt and acceptance of such request at the office where the beneficiary records are kept as designated by the company.

■ We agree with the claimants that *Rindlaub v. Travelers Insurance Company,* 175 Ohio St. 303, 194 N.E.2d 577 (1963) is controlling. Policy provisions for effecting a change in beneficiaries are for the benefit of the insurance company only. However, where the policy provisions are not followed, the court must determine whether there was substantial compliance with those provisions. The test of substantial compliance is whether the evidence shows, first, that the insured had definitely intended to change the beneficiary and, second, that he did everything possible under the circumstances to effect that change. The question in a particular case is whether the acts required to be performed were essential parts of the insurance contract or merely ministerial duties. *Benton v. United Insurance Company,* 110 Ohio App. 151, 159 N.E.2d 912 (1960).

With respect to the Pension Plan, the policy language clearly requires that the beneficiary designation be filed with the trustees "during the participant's lifetime." There is no similar requirement under the Health and Welfare Plan. We assume without deciding that filing prior to death is an essential part of the contract. But, even if it is not, under the test of *Rindlaub* and *Benson,* Hugh Huddle failed to comply substantially with the provisions of either plan for changing the beneficiary.

Although it is undisputed that in September 1979 Frank Huddle intended to change beneficiaries, he did not do all that was possible under the circumstances to effect such a change. It is undisputed that he did not mail the cards to the trustees and that he did not ask either of his children to mail the cards. There was no testimony that he was prevented by health problems from mailing the cards or that he was unaware of the need to send the cards to the trustees. In fact, the decedent's son testified that he believed his father was going to get the cards witnessed and then mail them (deposition of Frank Huddle, 12).

■ We find therefore that where a participant in Pension and Health and Welfare Plans fills out change of beneficiary cards several months prior to his death but takes no action toward notifying the appropriate trustees of his intent to change beneficiaries, the purported change is ineffective.

We conclude consequently that the decedent's widow, Nancy V. Huddle, is entitled to the decedent's vested interests of $16,297.19 under the Pension Plan and $3,000 under the Health and Welfare Plan.

Accordingly, summary judgment is entered for defendant Nancy V. Huddle for $16,297.19, plus interest on the Pension Plan and for $3,000, plus interest under the Health and Welfare Plan. The claims of defendants Frank Elmer Huddle, individually and as Executor of the Estate of Hugh Huddle, deceased, Marie Elizabeth Huddle and Marie Ann Huddle are hereby dismissed.

SO ORDERED.