■ In the Matter of the Estate of CLEMENT T. SMITH, Deceased. SYLVIA FAY, Appellant-Respondent; JOYCE L. SMITH, Administratrix of the Estate of CLEMENT T. SMITH, Deceased, Respondent-Appellant. — Cross appeals from a decree of the Surrogate's Court of Ulster County (Oberwager, S.), entered September 1, 1981, which sustained certain objections and dismissed other objections to the final account of the administratrix of the estate of Clement T. Smith. The decedent died intestate on July 9, 1973 leaving his wife, Joyce L. Smith, and his daughter, Sylvia Fay, as sole distributees. Mrs. Smith was appointed administratrix of her husband's estate in August, 1973. On January 31, 1979, the administratrix filed a final account and petitioned for judicial settlement of the estate. Sylvia Fay filed various objections to the account and a trial of the

issues was held on June 2 and June 6, 1980. The decree, based upon a written decision of the Surrogate, contains 12 decretal paragraphs dismissing some objections while sustaining others. The first decretal paragraph sustained Objections Nos. 1 and 2 and surcharged the administratrix the sum of $8,533.28 which represents unpaid rent due the estate. The twelfth decretal paragraph sustained Objection No. 14 and surcharged the administratrix for the loss of interest on estate funds which were kept in a non-interest-bearing checking account. Yet, inexplicably, despite the recitation in the notices of appeal to the effect that the appeals are taken "from each and every part of said Decree, as well as the whole thereof", the parties, by agreement or otherwise, have narrowed our review by briefing four issues which do not include the two identified above. The failure to raise an issue in a brief is tantamount to an abandonment of that issue (*Matter of Pessano,* 269 App Div 337, 341, affd 296 NY 564). Addressing the merits, we conclude that the Surrogate was correct in sustaining Objection No. 3 and directing the administratrix to take prompt action with respect to a judgment which the estate had entered against a corporate defendant. It appears that Need-A-Home, Inc., had leased certain property from decedent which was used in the business of selling mobile homes. Shortly after decedent's demise, Need-A-Home, Inc., sold three mobile homes belonging to decedent but failed to turn the proceeds over to the estate. The administratrix commenced an action for conversion by service of a summons and notice in the amount of $20,000. The parties subsequently entered into a settlement stipulation for the sum of $2,500. However, the stipulation provided that if the agreed amount was not paid by July 1, 1977, plaintiff was authorized to enter judgment against defendant for the full amount demanded in the complaint. The $2,500 was not timely paid and judgment for $20,000 plus interest was entered. Thereafter, the judgment debtor sent the administratrix a check for $2,500. At the time of the accounting, Mrs. Smith, upon advice of counsel, had preliminarily decided to accept the $2,500 rather than execute on the judgment. The Surrogate, over the objectant's insistence that the administratrix be surcharged the full amount of the judgment, noted the various options open to the fiduciary and directed that she take appropriate action. We conclude that the administratrix acted prudently in handling this matter. The financial condition of the judgment debtor and the corresponding unlikelihood of collecting the proceeds of the judgment justified the acceptance of the lesser stipulated amount. The Surrogate was correct in determining that it was in the best interest of the estate to accept the proffered $2,500 rather than risk the collection of the greater amount, particularly since the amount of the judgment far exceeded the loss to the estate (see, e.g., *Matter of Rothko,* 43 NY2d 305, 320). Next, we hold that the Surrogate properly determined not to surcharge the administratrix for the decrease in value of certain stocks retained by the estate. While the over-all value of the stock had increased at the time of distribution, the objectant maintains that the fiduciary should be surcharged for the losses sustained by some individual stocks. We reject this argument. Fiduciaries are authorized to distribute property in kind at its fair market value at the time of distribution (EPTL 11-1.1, subd [b], par [20]). Here, while the fact that the stocks showed an over-all increase in value will not insulate the administratrix from responsibility for imprudence with respect to individual investments, it is a factor to be considered (see *Matter of Bank of New York,* 35 NY2d 512). The record contains no evidence of imprudence with respect to the retention of stock. Moreover, the record reveals that the objectant requested that the distribution of the stock be made in kind. Turning to the award by the Surrogate of fees to the attorney for the administratrix, we conclude that the issue is moot. The

record indicates that the amount of attorney's fees was discussed with the objectant's attorneys and their approval was received before payment was made. Lastly, we hold that the Surrogate was correct in denying commissions for the administratrix. While SCPA 2307 (subd 1) makes the award of commissions mandatory, it is well settled that when the fiduciary is derelict in the performance of his or her duties, the denial of commissions is within the discretion of the Surrogate (see *Matter of Schaich*, 55 AD2d 914, 915, mot for lv to app den 42 NY2d 802). A review of this record surfaces instances of neglect by the administratrix in the handling of the estate's affairs, including the failure to collect rents and the retention of substantial amounts of money in non-interest-bearing accounts. We, therefore, refrain from interfering with the exercise of the Surrogate's discretion. Decree affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Weiss, JJ., concur.