OPINION OF THE COURT
Arnold F. Ciaccio, S.
In this proceeding one of the two coexecutors, Saul Birnbaum, seeks to disqualify the law firm of Harris, Beach, Wilcox, Rubin and Levey (hereafter Harris, Beach) as attorneys for the other coexecutrix, Janice S. Birnbaum, in either her representative capacity as coexecutrix or in her individual capacity as a beneficiary under her late husband’s will. The petitioner alleges that Harris, Beach cannot fairly and without conflict of interest represent her in both capacities. In that connection they cite various instances of such conflicts.
It is well settled that the common practice of having one attorney or one law firm represent an executor as fiduciary as well as a beneficiary of an estate does not necessarily create a conflict of interest for the attorneys (Matter of Flasterstein, 27 Misc 2d 326).
*268 “It is axiomatic that executors and fiduciaries generally are entitled to representation by attorneys of their own choosing. The fact that the executors are financially interested in the estate as residuary legatees and they may profit individually through the services of their attorneys is immaterial and does not lead to a conflict of interest.” (Matter of Flasterstein, supra, p 327.)
On the other hand, where the attorney represents his client in both capacities, he may not act to advance the personal interests of a fiduciary in such a way as to harm his other client, the estate. This does not appear to be the case here.
Parenthetically, it is interesting to note that the example used in Matter of Flaster stein (supra, p 327) relates to a situation in which a conflict of interest would indeed create a problem for other counsel in this proceeding: “In instances where an executor may assert a personal claim against the testator or the estate it may be claimed that an attorney representing the executor in his representative capacity and individually appears for conflicting interests as the allowance of such a claim may reduce the shares of others beneficially interested in the estate.”
This particular illustration gives cause to the court to reflect on the indicated settlement by cofiduciary Saul Birnbaum of his personal claim against the testator and the estate by setting off against the sum allegedly owed him, to wit, $365,381.09, by delivery to him investment property held by the estate which it is claimed was worth in excess of $500,000. The actual determination of that particular charge is not before the court at this time but rather is part and parcel of the removal and surcharge proceeding now pending. It will of course not be resolved herein.
The Committee on Ethics and Professional Responsibility of the American Bar Association has helped clarify the conflict of interest question presented here in several rulings. In American Bar Association Formal Opinion 167 the committee stated, “An attorney who has represented an administratrix of an estate cannot accept employment in an action against such administratrix in connection with *269 her duties as such”. Further, in American Bar Association Formal Opinion 177 we find, “When a lawyer has been employed to aid a client in establishing, defending or procuring particular rights or interests, he may not thereafter accept employment which may adversely affect such rights or interests.” These rulings do not appear to go to disqualify Harris, Beach in this procedure.
Petitioner contends that the conflict of interest was apparent from the very first time that Harris, Beach represented Janice S. Birnbaum in a legal proceeding brought in Supreme Court on July 15, 1982 by Saul Birnbaum as coexecutor of the estate and also a residuary beneficiary of the estate of his late brother, the decedent herein. The action was brought to seek repayment of “improper loans” in the amount of $34,000 allegedly made by Janice S. Birnbaum to her son, Jay Birnbaum, also a beneficiary of the estate. The petition indicates that Janice S. Birnbaum was named as a nominal defendant in that action and that no damages were sought against her. Saul Birnbaum charged in that action that Jay Birnbaum and Janice S. Birnbaum had conspired to damage the estate by securing preferential treatment for Jay Birnbaum over other beneficiaries and that her actions constituted a breach of her duties as executrix.
In resolving this allegation of conflict of interest by Harris, Beach, it is necessary to determine in which capacity Janice S. Birnbaum acted in making the alleged loans to Jay Birnbaum. Petitioner charges that Janice S. Birnbaum has made improper “loans” which bore no interest obligation and no repayment date and with failing to seek repayment thereof. As a fiduciary, however, she had the authority to make loans. (EPTL 11-1.1.) Petitioner has not alleged that Janice S. Birnbaum acted without her authority but only that she has breached that authority. In fact, in the pending Supreme Court action, petitioner states in his complaint, “Defendant Janice S. Birnbaum is named as a defendant in this action in her representative capacity only * * * No monetary damages are presently sought against Janice S. Birnbaum in this action.” A surcharge action may be brought against her. Such an action might go to suspending or revoking her letters but the present *270 petition does not seek that remedy. The petition goes solely to the question of disqualification of the law firm representing her.
The loan was made in Janice S. Birnbaum’s capacity as a fiduciary for the benefit of another beneficiary under the will and, although Janice S. Birnbaum may have experienced considerable psychic benefit from seeing her son in a better financial position, she did not take any action which was to her own personal financial advantage. Had she made the loans to herself, this might have been so. Moreover the action is not an irretrievable one because the estate retains the opportunity to demand repayment or to treat the loans as an advancement against Jay Birnbaum’s beneficial interest ultimately to be determined upon judicial settlement.
In conclusion it is the court’s opinion that Harris, Beach’s representation of Janice S. Birnbaum in her defense of the Supreme Court action referred to was a proper one. The firm did nothing more than represent her in her fiduciary capacity in defense of the action taken against her as a fiduciary of the estate. It should be pointed out that three law firms are presently engaging in the administration of this estate. In addition each of the children is represented by counsel. It would be unnecessary and wasteful to require yet another firm to be hired to represent her in her individual capacity.
It is charged in the petition that the executrix Janice S. Birnbaum acted improperly in seeking funding of the marital trust after five years following probate. In addition it is alleged that she acted improperly in her fiduciary capacity in seeking re-evaluation of the estate’s real estate assets in order to enlarge the corpus of the trust which will benefit all takers regardless of the fact that there may be additional taxes due. It strikes this court that not only was there no impropriety involved in either of those two positions but in fact there was a duty to enlarge the estate’s real estate assets irrespective of the tax consequences. Clearly there was no impropriety in seeking funding of the marital trust five years after probate. In addition the requests made in those instances were simply “requests” *271 made and they were seeking approval of the coexecutor and of the court.
An additional allegation that Harris, Beach has represented Scutti Pontiac in a defamation suit against the estate and against Jay Birnbaum personally is without merit since that matter has been discontinued.
The charge regarding the appearance of Harris, Beach in an Oswego County Supreme Court action four years ago is likewise without merit if only on the basis of its remoteness in point of time.
Finally, it should be made patently clear that the court’s determination herein is made solely upon the issues made in this proceeding only and bears not at all on the abundance of charges and countercharges which run through all of the corollary proceedings now pending before this court. This court makes no judgments in this decision with respect to any of those charges, many of which go to the possible disqualification of one or both of the fiduciaries herein with subsequent discharge of their respective attorneys, should such be the case.
It is the court’s opinion that Harris, Beach has represented and continues to represent Janice S. Birnbaum in her fiduciary capacity as executrix of the estate without a conflict of interest that requires disqualification. The motion seeking their disqualification as attorneys for the estate is in all respects denied.