OPINION OF THE COURT
Lee L. Holzman, J.
In this contested accounting proceeding, the accounting executor is decedent’s son and the sole beneficiary named in his will. Petitioner concedes that objectant, as decedent’s surviving spouse, is entitled to an elective share pursuant to the provisions of EPTL 5-1.1 but the parties disagree as to the value of her share. A hearing was held.
The issue raised in objection 10 is whether petitioner should *742 be denied commissions on the alternative grounds that he either negligently administered the estate or that he unreasonably delayed filing his account. No proof was adduced to support the allegation that the estate was negligently administered. However, the contention that petitioner’s delay in rendering his account warrants the disallowance of commissions stands on firmer terrain. Letters testamentary issued to petitioner pursuant to a decree entered on May 17, 1984. Upon the consent of both petitioner and objectant, a compulsory accounting proceeding instituted by objectant resulted in the entry of an order on August 8, 1986 directing petitioner to account within 90 days of being served with a copy of the order. This order was noticed for settlement upon petitioner’s counsel and it was eventually served upon petitioner on March 17, 1987. Petitioner failed to account within the prescribed time and objectant, on June 19, 1987, filed a petition requesting that petitioner be held in contempt of court. Once the contempt application was instituted, petitioner expeditiously accounted and the contempt application was withdrawn.
No fiduciary appointed by the court should expect that the transgression of having ignored an order of the court shall for all purposes be ignored. However, the issue sub judice may be decided without answering the question of whether a fiduciary has automatically forfeited the right to commissions whenever the account is not initially filed within the time ordered by the court and thereafter the fiduciary accounts only under the compulsion of being engulfed within the cloud of a contempt application. Here, as a result of the delay in serving the order upon petitioner, he was aware for approximately seven months prior to the service of the order upon him that he would have to account within 90 days once he was served with the order. Nevertheless, petitioner did not obey the order of the court and he failed to file his account until objectant had filed an application to hold him in contempt. Moreover, petitioner receives that portion of the net estate which is not to be paid to objectant as her elective share. Petitioner knew or should have known that the amount to which the objectant is entitled as her elective share could not be ascertained until his account was judicially settled. The bottom line is that as a result of petitioner’s unreasonable delay in filing his account, the amount to which objectant is entitled as decedent’s surviving spouse has neither been ascertained nor paid in the more than five years that have elapsed since petitioner commenced *743 the administration of this estate. Under these circumstances, it would be adding insult to injury to conclude that objectant’s elective share should be reduced as a result of commissions payable to petitioner. The court finds that petitioner has not administered the estate with the appropriate regard for objectant’s interest in the estate and that this failure warrants the disallowance of commissions for the purpose of computing objectant’s elective share (Matter of Smith, 91 AD2d 789; Matter of Schaich, 55 AD2d 914; Matter of Israel, 64 Misc 2d 1035,1043; Matter of Bloomingdale, 172 Misc 218).