■ In the Matter of the Estate of ALBERT E. FARONE, Deceased. PHILIP J. DEVINE, as Successor Executor of ALBERT E. FARONE, Deceased, Appellant; MAGDELINE FARONE et al., Respondents.—Mercure, J. Appeal from an order of the Surrogate's Court of Otsego County (Kepner, Jr., S.), entered December 5, 1988, which, *inter alia,* denied petitioner receiving commissions on the proceeds of the sale of the stock of La Monica Beverages, Inc.

Decedent died testate December 20, 1980. His wife, Angela Farone, was appointed executrix and, following her death, petitioner was appointed successor executor on February 20, 1982. At the time of his death, decedent owned 50 shares of La Monica Beverages, Inc. common stock. The estate had entered into negotiations for the sale of the La Monica Beverages stock prior to petitioner's appointment, eventually contracting for its sale to Frank La Monica for $800,000. Petitioner concedes that because he previously represented both La Monica Beverages and Frank La Monica, the sale of the stock was negotiated without his assistance by a consortium of attorneys representing estate beneficiaries. Thereafter, petitioner petitioned for and obtained approval of the sale and prepared and executed the necessary closing documents consummating the transaction. It is beyond dispute that petitioner received the stock and paid out the proceeds from the sale of the stock to the beneficiaries.

On July 23, 1986, petitioner filed his final account, together with a petition for its approval. Surrogate's Court sustained the objections of respondent Magdeline Farone to the extent of determining that although "[t]here is no evidence of mis-

conduct which would cause an adjustment of the successor executor's commission", petitioner was not entitled to receiving commissions on the value of the La Monica Beverages stock because he did not negotiate its sale. Petitioner now appeals.

It is well established, in view of the mandatory language of SCPA 2307, that "in the absence of mathematical error in the computation of commissions or allegations of fiduciary misconduct", Surrogate's Court must award executor's commissions *(Matter of Reohr,* 71 AD2d 161, 162; *see, Matter of Gall,* 107 App Div 310, 311; 29 Carmody-Wait 2d, NY Prac § 168:4, at 534). Indeed, put another way, the denial of commissions is not within the discretion of Surrogate's Court unless the fiduciary is "derelict in the performance of his or her duties" *(Matter of Smith,* 91 AD2d 789, 791), guilty of "complete indifference" *(Matter of Schaich,* 55 AD2d 914, 915, *lv denied* 42 NY2d 802) or "otherwise acts improperly" *(Matter of Campbell,* 138 AD2d 827, 828). The finding of Surrogate's Court that petitioner was not guilty of misconduct is amply supported by the record and, therefore, the objections should have been dismissed.

Order modified, on the law, without costs, by reversing so much thereof as partially granted respondent Magdeline Farone's objections and denied petitioner receiving commissions on the proceeds of the sale of the stock of La Monica Beverages, Inc.; objections dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.