■ Marjorie J. Barnum, Respondent, v Georgette Cohen, as Executor of Philip G. Barnum, Deceased, and as Trustee of a Testamentary Trust Created by the Will of Philip G. Barnum, Appellant, et al., Defendants. [644 NYS2d 828] —Cardona, P. J.

Plaintiff seeks a determination of her rights to benefits in a trust and a health and welfare plan, both of which were established for the benefit of members of a union to which her father, Philip G. Barnum (hereinafter decedent), belonged. Named as defendants in the action are the trust, Boilermaker-Blacksmith National Pension Trust, and the plan, Boilermakers National Health and Welfare Plan, as well as the executive administrator of both.[1] Also named as a defendant is decedent's sister, Georgette Cohen, who is executor and trustee under his will. The pertinent facts are as follows.

Decedent died on October 10, 1992. Prior to his death, decedent executed and filed a pension beneficiary form with the Boilermakers on February 11, 1991 naming plaintiff as the beneficiary under both the plan and the trust. Decedent then executed another designation of beneficiary form dated November 16, 1991 naming his estate as the beneficiary; however, this form was never filed with the Boilermakers. Upon discovering the latter form amongst decedent's possessions, Cohen filed it with the Boilermakers. It was marked as received on October 26, 1992. By letter dated November 6,

---

1. For the sake of simplicity, these defendants will hereinafter be referred to as the Boilermakers.

1992, plaintiff disputed the validity of the November 16, 1991 beneficiary form. The Boilermakers never replied to plaintiff's claim. Instead they recognized the second form and made payments to Cohen as decedent's executor, prompting plaintiff to commence this action. Following the receipt of responsive pleadings, all sides moved for summary judgment. Surrogate's Court granted judgment in plaintiff's favor. The court also determined that Cohen, as the trustee and executor under decedent's will, was not entitled to counsel fees. Cohen appeals.[2]

We affirm. Both the plan and the trust were governed by the Federal Employee Retirement Income Security Act of 1974 (*see*, 29 USC § 1001 *et seq.* [hereinafter ERISA]). ERISA requires administration of plans within its purview in accordance with the documents governing such plans and a review thereof is based on Federal statutory language and common law (*see*, 29 USC § 1104 [a] [1] [D]; *McMillan v Parrott*, 913 F2d 310). In developing Federal common law under ERISA, it is sometimes necessary to look to State common law (*see*, *Krishna v Colgate Palmolive Co.*, 7 F3d 11). The standard of judicial review is whether after a full and fair review by the plans' administrators, their actions were arbitrary and capricious or an abuse of discretion (*see*, *Weaver v Phoenix Home Life Mut. Ins. Co.*, 990 F2d 154, 157-159).

Based upon the above standards and the record before us, Surrogate's Court properly granted summary judgment to plaintiff. We agree with the court that the Boilermakers failed to address plaintiff's claim as required under the terms of both the trust and the plan. The record supports the court's conclusion that the Boilermakers simply "ignored" plaintiff's request for review. Cohen claims for the first time that plaintiff failed to exhaust her administrative remedies and that a remittal to the Boilermakers for a proper administrative decision is required. Even accepting that this contention is properly before us, the Boilermakers' actions in not answering plaintiff's request and paying Cohen were tantamount to a final determination, thereby making remittal unnecessary.

We agree with Surrogate's Court that the Boilermakers' decision to honor the designation set forth in the second beneficiary form dated November 16, 1991 was in contravention of the documents and instruments governing the trust and the plan (*see*, 29 USC § 1104 [a] [1] [D]). The trust provided that a participant could designate a beneficiary by "filing such

designation" and that the participant had the right to change the designation. The plan stated that "[i]f you wish to change your beneficiary, get another blank card * * * fill it out completely and send it to the Administrative Office". The plan also provided that "[y]ou may change your beneficiary at any time by giving written notice". The life insurance policy issued in accordance with the terms of the plan declared that "[a]ny employee may designate a new beneficiary at any time by filing * * * a written request for such change". This language unquestionably required that a change in beneficiary be filed before it would be effective and, although it does not explicitly necessitate that the change be filed prior to death, the language clearly calls for the participants themselves to effect the filing (see, *McMillan v Parrott*, 913 F2d 310, *supra*; *Pipe Fitters' Local No. 392 Pension Plan v Huddle*, 549 F Supp 359; *see also*, *Continental Assur. Co. v Patrick*, 157 AD2d 1016).

We recognize that a court may look to determine whether there was substantial compliance when a participant does not comply strictly with all the policy provisions (see, *Perez v Metropolitan Life Ins. Co.*, 820 F Supp 640; *see also*, *Cable v Prudential Ins. Co.*, 89 AD2d 636). Nevertheless, to acknowledge a change through substantial compliance, the evidence must show that the participant definitely intended to change the beneficiary and that the participant did everything possible to effect the change (see, *supra*).

In this case, even accepting that decedent intended to change beneficiaries by signing the change in beneficiary form in November 1991, he did not do all that was possible to accomplish the change (see, *Pipe Fitters' Local No. 392 Pension Plan v Huddle*, *supra*). He never mailed the second form to the Boilermakers and there is no evidence in the record that he was prevented from mailing the form due to health problems or that he was unaware of the need to mail the form (see, *supra*; cf., *Cable v Prudential Ins. Co.*, *supra*; *Greenfield v Massachusetts Mut. Life Ins. Co.*, 253 App Div 51). Thus, given the provisions of the trust and the plan, as well as the facts of this case, the decision by the Boilermakers to honor the filing of the November 16, 1991 form was arbitrary and capricious (see, *Weaver v Phoenix Home Life Mut. Ins. Co.*, 990 F2d 154, *supra*). Surrogate's Court thus properly determined that plaintiff was entitled to the benefits under both the trust and the plan.

Cohen also claims that Surrogate's Court erred in determining that as trustee and executor under decedent's will, she was not entitled to counsel fees in defending this action. Decedent's will, which he executed in 1987, set up a testamentary trust

for plaintiff until she was 24 years old, at which time she was to receive the remaining trust principal. As noted, Cohen was named executor of the will as well as trustee of the trust. Initially, we reject Cohen's assertion that she had no notice that her entitlement to counsel fees for defense of the estate's and trust's interests would be decided in the summary judgment motions. In affidavits in support of Cohen's motion for summary judgment, both she and her counsel specifically alleged that by bringing this action, plaintiff was wasting assets of the trust due to the costs of litigation and legal fees. In light of these assertions, Surrogate's Court did not err in determining the question of whether Cohen was, in fact, entitled to counsel fees out of the estate.

Turning to the merits, Cohen claims that she was entitled to be reimbursed for counsel fees incurred in defending the interests of the estate and trust out of the trust property. Fiduciaries are normally entitled to reasonable counsel fees incurred in administering estates and trusts (see, EPTL 11-1.1 [b] [22]; SCPA 2110) and for litigation costs in particular proceedings concerning administration of an estate (see, SCPA 2301). Such an award is within the court's discretion and will not be interfered with "unless it is so manifestly wrong as to indicate abuse of power" (42 NY Jur 2d, Decedents' Estates, § 2367, at 429).

Here, Surrogate's Court found that Cohen's "precipitous conduct [in filing the November 16, 1991 form] [was] the root cause of the litigation". The court determined that, without any authority to presume to act as if decedent was alive and had directed her, Cohen nevertheless "filed a stale document which in turn precipitated [plaintiff's] action[ ]". The court concluded that Cohen should have been aware that decedent's will predated the November 16, 1991 form and that decedent had already bypassed an opportunity to designate the plan and the trust as a fund for the testamentary trust set up in his will. The court's findings are supported by the fact that the first beneficiary form was executed on February 11, 1991 and was properly filed by decedent. This was done after the execution of decedent's will, thus also indicating that decedent was deliberately not including the plan and the trust in the testamentary trust. It also shows that decedent was aware that a beneficiary form had to be filed in order to be effective. Given these circumstances, we cannot say that Surrogate's Court abused its discretion in determining that Cohen should not be reimbursed for counsel fees.

Mikoll, Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.