■ In the Matter of the Estate of PAUL D. DRIER, Deceased. NOEL L. DRIER, Appellant; JAMES R. DRIER, as Executor of PAUL D. DRIER, Deceased, Respondent. [666 NYS2d 758] —White, J. Appeal from a decree of the Surrogate's Court of Cortland County (O'Brien, III, S.), entered August 29, 1996, which, *inter alia*, settled the accounting of respondent as executor of the estate of Paul D. Drier.

Paul D. Drier (hereinafter decedent) died testate on March 12, 1994, leaving an estate consisting primarily of securities valued at $121,000 and a residence. His will nominated his son, respondent, as executor and directed that the residuary estate be evenly divided between respondent and petitioner, decedent's grandson. Instead of cooperating in the administration of the estate, the legatees entered into an adversarial relationship that was initiated by a letter, dated April 15, 1994, from petitioner's attorney to respondent advising him to obtain appraisals for the real and personal property and seeking information regarding the estate's assets. Respondent, who elected not to retain an attorney, was appointed executor on April 20, 1994 and proceeded to collect the assets, obtain the

necessary appraisals, prepare the residence for sale and distribute the securities in kind. Despite this, petitioner's counsel made repeated demands upon respondent for information which respondent attempted to provide. Ultimately, decedent's residence became the major point of contention. On September 1, 1994, respondent and Gerald Meyer, petitioner's maternal grandfather, entered into a real estate purchase contract wherein Meyer agreed to purchase the residence for $59,500. Thereafter, on September 13, 1994, Meyer assigned an undivided one-half interest in the contract to petitioner. Petitioner's attorney then informed respondent that, inasmuch as petitioner owned a one-half interest in the residence by virtue of his legacy, only one-half of the net purchase price would be paid to respondent at the closing. Respondent objected, demanding that he be paid the full contract price so that he could satisfy the outstanding estate obligations.

With matters at an impasse, petitioner commenced a proceeding pursuant to SCPA 2102 (1) seeking an order, *inter alia*, directing respondent to provide information regarding the estate's assets, to personally reimburse petitioner for his counsel fees and a decree revoking the letters testamentary issued to respondent which would mandate a denial of his requests for commissions and counsel fees. At this point respondent retained an attorney and, after eight unsuccessful settlement conferences, an evidentiary hearing was held at which the issues were narrowed to petitioner's request for counsel fees and the revocation of the letters testamentary. At the conclusion of the hearing, Surrogate's Court reserved decision and respondent filed a petition for a final accounting. A second hearing was then conducted in response to petitioner's filed objections. Following its review of the record, Surrogate's Court issued a comprehensive and trenchant decision that, *inter alia*, denied the request to revoke the letters testamentary, denied counsel fees to petitioner, granted counsel fees and commissions to respondent and surcharged respondent $4,530 for estate funds paid to himself and his girlfriend for cleaning decedent's residence. Petitioner appeals.

Petitioner contends that respondent should not have been awarded commissions given his improper payment of estate funds to himself and his girlfriend. Statutory commissions must be awarded in the absence of mathematical error in their computation or allegations of misconduct amounting to dereliction, complete indifference or other comparable acts of misfeasance (*see, Matter of Gottlieb*, 221 AD2d 530; *Matter of Farone*, 162 AD2d 828, 829). In this instance, respondent had appar-

ently secured petitioner's prior agreement to his proposal to charge the estate for cleaning and had reviewed EPTL 11-1.1 (b) (22), concluding, albeit erroneously, that such charges were authorized. Having established his good faith and not having been represented by counsel at the time he made the payments, we conclude that there is no justification for denying commissions to respondent (*compare, Matter of Donner*, 82 NY2d 574, 587).

Next, petitioner argues that respondent should have been directed to personally pay petitioner's counsel fees. We disagree as we perceive no bad faith or maliciousness on respondent's part warranting such a direction (*see, Matter of Timoshevich*, 133 AD2d 1011, 1013; *Matter of Evander*, 18 AD2d 704, *affd* 13 NY2d 1083).

Petitioner's penultimate argument is that it was improper to charge the estate for respondent's counsel fees because respondent's attorney breached his duty of undivided loyalty to the estate and its beneficiaries (*see, Matter of Clarke*, 12 NY2d 183, 187) when he elected to represent respondent individually in the defense of the charge respondent had improperly paid himself $4,500 in estate funds. Having failed to raise this argument before Surrogate's Court, it has not been preserved for our review (*see, Matter of Alcott Staff Leasing v New York Compensation Ins. Rating Bd.*, 224 AD2d 54, 58). We note that, since these payments were to respondent's financial advantage and adverse to the estate's interest, respondent's attorney would have been better advised not to have simultaneously represented respondent in his capacity as executor and individually (*see, Matter of Birnbaum*, 118 Misc 2d 267). In any event, petitioner was not prejudiced since the funds were restored to the estate and Surrogate's Court charged the estate only for those services respondent's attorney rendered on its behalf, leaving it to respondent to personally pay for the services provided in the defense of the petition.

Lastly, the Surrogate did not abuse his discretion in declining to recuse himself since his decree and the underlying decision are firmly grounded upon the record and are not the product of any bias (*see, Matter of Malinda V.*, 221 AD2d 549, 549-550, *lv denied* 87 NY2d 811; *Matter of D'Alessio v Gilberg*, 208 AD2d 625).

For these reasons, we affirm the decree of Surrogate's Court.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the decree is affirmed, with costs.