■ In the Matter of the Estate of BEATRICE S. CAMPAGNA, Deceased. RICHARD T. MORRISSEY, as Successor Trustee of Trusts Created by BEATRICE S. CAMPAGNA, Deceased, Respondent; RONALD C. SALERNO, Appellant. [698 NYS2d 568] —Mugglin, J. Appeal from a decree of the Surrogate's Court of Rensselaer County (Lang, Jr., S.), entered July 14, 1998, which, *inter alia*, determined the amount of commissions and counsel fees for petitioner.

Beatrice S. Campagna (hereinafter decedent) died testate on December 14, 1994. Her will created two trusts, the corpus of the first being real property and the corpus of the second being the cash residue of the estate. Respondent is the life beneficiary of these trusts. The will designated one individual to act as trustee with respect to both trusts. In September 1997, Surrogate's Court granted permission to sell the real estate, authorized the trustee to resign and appointed petitioner as the successor trustee of the trust. From the inception of petitioner's appointment, conflict arose with respondent over the amount and frequency of payments for his support, maintenance, welfare and care, culminating in respondent's filing a petition for removal of petitioner as trustee on September 16, 1997. Petitioner filed an answer but, on November 13, 1997, Surrogate's Court, *sua sponte*, issued an order directing that a proceeding under Mental Hygiene Law article 81 be commenced seeking the appointment of a guardian for the personal needs or property management of respondent, and staying all

further proceedings relative to decedent's estate pending resolution of the Mental Hygiene Law article 81 proceeding.

Respondent filed a second petition and Surrogate's Court on February 5, 1998 issued an order to show cause why an order should not be made lifting the previously issued stay and removing petitioner as trustee of the trust. Petitioner answered this petition and, on March 2, 1998, after filing a criminal complaint alleging harassment against respondent, filed his own petition seeking permission to resign as the trustee of the trust and for judicial settlement of his account. Respondent filed objections to the account. An evidentiary hearing was held only on petitioner's petition, following which the court granted authority to resign, approved his account and awarded petitioner statutory commissions and counsel fees. Respondent appeals from this order, contending that Surrogate's Court abused its discretion in failing to remove petitioner pursuant to the petitions respondent had filed and in awarding petitioner commissions and counsel fees.

We first address respondent's argument that Surrogate's Court abused its discretion in failing to grant either of his petitions to remove petitioner as trustee. Since no actual ruling or order was made by the court with respect to these petitions, the issue is not properly before this Court (*see, Matter of Warne v Warne*, 120 AD2d 911, 913). Moreover, were we to reach the merits of this issue, we perceive no error or abuse of discretion on the part of Surrogate's Court. It is an abuse of discretion to remove a trustee without an evidentiary hearing where the facts are disputed (*see, Matter of Duke*, 87 NY2d 465, 472-473; *Matter of Greenway*, 241 AD2d 735, 736). Since each petition was answered, an evidentiary hearing was a prerequisite to petitioner's removal. Surrogate's Court understandably did not schedule an evidentiary hearing with respect to either petition. The first was stayed pending resolution of a proceeding under Mental Hygiene Law article 81. Shortly after the filing of the second petition, petitioner voluntarily sought authority to resign his position as trustee, rendering hearings on the first two petitions unnecessary.

As to the award of statutory commissions and counsel fees, respondent asserts that the total award is unreasonable and excessive as a result of petitioner's misconduct and mismanagement of the trusts. Statutory commissions must be awarded provided there is no mathematical error in their computation or misconduct which amounts to dereliction, complete indifference or other comparable acts of misfeasance (*see, Matter of Drier*, 245 AD2d 787, 788, *lv denied* 91 NY2d 812). We find no

reason to disturb the award. Surrogate's Court found no evidence that the trustee committed malfeasance of any nature, including that of wrongfully dissipating trust assets. Since the denial of commissions is not in the discretion of Surrogate's Court unless a finding of misconduct has been made, the court was mandated to award the commissions (*see, Matter of Farone,* 162 AD2d 828, 829).

It is undisputed that fiduciaries are entitled to reasonable counsel fees in administering trusts (SCPA § 2110; *see, Barnum v Cohen,* 228 AD2d 957, 960). Counsel fees are awarded in the sound discretion of the court and such an award will not be disturbed unless " 'it is so manifestly wrong as to indicate abuse of power' " (*Barnum v Cohen, supra,* at 960, quoting 42 NY Jur 2d, Decedents' Estates, § 2367, at 429). Factors to be considered in determining counsel fees include the time spent, the nature of the services, the amount involved, the professional standing of counsel and the results obtained (*see, Matter of Coughlin,* 221 AD2d 676, 677). Here, the award of counsel fees is sufficiently supported by the evidence.

Respondent's challenges to petitioner's legal work involved in defending the two removal petitions and services rendered in connection with the sale of the real property lack merit. In reaching its determination with respect to counsel fees, Surrogate's Court properly considered the adverse conditions caused by the conduct of respondent under which petitioner sometimes worked. Based on the time spent, the reasonableness of the hourly rate and the difficulty of the legal issues involved, the award of counsel fees by Surrogate's Court was reasonable. We have considered the balance of respondent's contentions and find them to be lacking in merit. Accordingly, we affirm the decree.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the decree is affirmed, without costs.