■ In the Matter of the Estate of WILLIAM E. CRAMER, Deceased. STEPHEN CRAMER, as Administrator of the Estate of WILLIAM E. CRAMER, Deceased, Appellant. ZWEIBEL, BRODY, GOLD & FAIRBANKS, LLP, Appellant. [804 NYS2d 865]—

Mugglin, J. Appeal from an order of the Surrogate's Court of Ulster County (Lalor, S.), entered September 13, 2004, which, inter alia, denied certain commissions and counsel fees.

In April 1996, petitioner entered into a written retainer agreement with Zweibel, Brody, Gold & Fairbanks, LLP (hereinafter ZBG&F) concerning the prosecution of a medical malpractice action arising from the death of petitioner's brother, William E. Cramer (hereinafter decedent). In February 1997, petitioner was granted limited letters of administration of decedent's estate based upon a petition which failed to identify seven surviving half siblings of decedent and four children of a deceased half sibling. Following the successful prosecution of the action and the defense of an appeal, a proceeding for the judicial settlement of the administrator's accounts was commenced in September 2003. In that proceeding, Surrogate's Court, among other things, determined that ZBG&F was not entitled to a separate fee with respect to the defense of the appeal and that petitioner was not entitled to statutory commissions. ZBG&F and petitioner now appeal.

First, with respect to the fee for the appeal, we note that the signed retainer agreement is silent as to this issue. In a subsequent letter to petitioner, ZBG&F unilaterally advised petitioner that if an appeal were taken in the case, a new agreement would have to be made with respect to any fee charged for it. Petitioner apparently orally agreed to a $10,000 fee, as the estate accounting revealed this sum had been paid to ZBG&F in addition to the contingent fee which, despite the contrary terms of the retainer agreement, was correctly computed in accordance with Judiciary Law § 474-a (2). We further note that this statute makes no provision for an additional fee by agreement between counsel and client in the event of an appeal. Rather, Judiciary Law § 474-a (4) permits application to the justice who presided at the trial if, because of extraordinary circumstances, the fee computed pursuant to Judiciary Law § 474-a (2) renders compensation inadequate.

Pursuant to this statute, a contingent fee is earned either upon judgment or settlement. A judgment is not final until any appeals are complete. Notably, on a prior appeal, this Court found the verdict to be excessive and reduced it to $350,000 (*Cramer v Benedictine Hosp.*, 301 AD2d 924 [2003]). We hold that handling an appeal is an integral part of the prosecution of a successful medical malpractice action and is included in the maximum contingent legal fee authorized by Judiciary Law § 474-a (2) (*see Matter of Clinton*, 157 Misc 2d 506, 508 [1993]) and Surrogate's Court properly disallowed this fee.

However, we disagree with the conclusion of Surrogate's Court that petitioner, as administrator of the estate, was not entitled to statutory commissions as the result of his failure to identify his half siblings in the original petition for limited letters of administration. Statutory commissions are to be awarded in the absence of any showing of "mathematical error in their computation or allegations of misconduct amounting to dereliction, complete indifference or other comparable acts of misfeasance" (*Matter of Drier*, 245 AD2d 787, 788 [1997], *lv denied* 91 NY2d 812 [1998]; *see Matter of Campagna*, 267 AD2d 512, 514 [1999]). In our view, petitioner's failure to divulge the existence of half siblings in connection with obtaining limited letters to prosecute the medical malpractice action does not rise to this level. The record reveals that at some point during the prosecution of the action, the existence of the half siblings became known to ZBG&F. All were given notice of the judicial settlement of the administrator's accounts and all will appropriately share in the distribution of the estate assets. Under these circumstances and because petitioner was the only sibling of decedent to investigate and pursue a medical malpractice claim—the only estate asset—denial of statutory commissions for failure to initially divulge the existence of the half siblings is unwarranted, particularly as the record reveals that, at most, it was done carelessly, not intentionally or maliciously.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied statutory commissions to petitioner; grant such commissions; and, as so modified, affirmed.