Matter of Posner (2022 NY Slip Op 00829)





Matter of Posner


2022 NY Slip Op 00829


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


File No. 2705/90 Appeal No. 15267 Case No. 2021-00500 

[*1]In the Matter of the Estate of Harry Posner, Deceased.
In the Matter of Robert A. Posner, Petitioner-Appellant-Respondent,
Jeremy M. Posner, et al., Respondents-Respondents-Appellants.


Hiller, P.C., New York (Scott D. Woller of counsel), for appellant-respondent.
Forchelli Deegan Terrana LLP, Uniondale (Michael A. Ciaffa of counsel), for respondents-appellants.



Order, Surrogate's Court, New York County (Nora S. Anderson, J.), entered October 1, 2020, which, to the extent appealed from as limited by the briefs, denied the motion by respondents Jeremy M. Posner, Adam J. Posner, and Amos Posner for summary judgment sustaining their second objection to the final accounting filed by petitioner and denied petitioner's cross motion for summary judgment dismissing the second, third, and fifth objections, unanimously affirmed, without costs.
Triable issues of fact exist as to whether petitioner, the executor of the subject will containing exculpatory clauses, acted in bad (or another manner that would expose him to liability) when he accepted prepayment on his own personal promissory note in December 2003, 10 years before its maturity date, thus depriving the estate of the interest owed on the principal of the loan (see Matter of Jastrzebski, 97 AD3d 819, 820-821 [2d Dept 2012] ["no matter how broad the exculpatory provision may be, the trustee is liable if he commits a breach of trust in bad faith or intentionally or with reckless indifference to the interests of the beneficiaries, or if he has personally profited through a breach of trust"]). No party disputes that the transaction resulted in a loss to the estate, and that the prepayment was not disclosed until the final accounting more than 10 years later. Although the exculpatory clauses in the will granted petitioner broad powers to decide matters in which he might also have a self-interest, they did not provide an absolute bar to liability (see id.).
Contrary to petitioner's contention, his personal financial condition in 2003 is relevant to the extent that it sheds light on the options before him as executor when he accepted prepayment of the note, and, in light of those options, whether the transaction was appropriate (cf. Matter of Smith, 91 AD2d 789, 790 [3d Dept 1982]).
As to petitioner's argument that he acted on advice of counsel and thus cannot be held liable as a matter of law, triable issues of fact remain as to whether attorney's advice provides an adequate defense for the transaction. Petitioner relies on a legal invoice showing that he and his then counsel had a half-hour conversation regarding the status and prepayment of an unspecified note, but counsel is now deceased and cannot be called to testify as to the substance of the conversation. Furthermore, at his deposition, petitioner testified that his counsel's advice to prepay the note was premised on prior litigation that resulted in prepayment of a similar promissory note issued by his brother's trust, not on the estate's best interests or petitioner's rights and responsibilities as fiduciary. In any event, following the advice of legal counsel is not a defense to legal accountability when it involves a known breach of fiduciary duty (see Matter of Rothko, 43 NY2d 305, 319-320 [1977]).
We have considered the parties' remaining contentions and find them unavailing. 
THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022