■ In the Matter of the Estate of MINNIE GOTTLIEB, Deceased. LORRAINE BACKAL et al., Appellants; SUSAN G. DUBERCHIN, Respondent. [633 NYS2d 826] —In an accounting proceeding pursuant to SCPA 2210, the executrices appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Kings County (Bloom, S.), dated May 8, 1991, as (1) adhered to a determination of the same court dated August 3, 1990, which, *inter alia,* directed them to return unauthorized commissions, limited their commissions to $7,500 each, and limited their compensation for legal services to $25,000, and (2) directed that they would be removed if they failed to comply with certain conditions.

Ordered that the order is modified by deleting so much of the first decretal paragraph as adhered to the branches of the August 3, 1990, determination which limited the executrices' commissions to $7,500 and legal fees to $25,000, and substituting therefor a provision vacating those branches of the August 3, 1990, determination; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Kings County, for a hearing and determination as to the amount of the executrices' commissions, the nature of the legal services performed, and the reasonable value thereof.

The amount of executrices' commissions is set by statute *(see,* SCPA 2307) and the statutory amount must be awarded in the absence of mathematical error in the computation or allegations of fiduciary misconduct *(see, Matter of Farone,* 162 AD2d 828). In view of the factual issues presented with respect to the executrices' alleged misconduct and the absence of any findings to support the amount of commissions awarded by the Surrogate, the matter must be remitted for a hearing and new determination of that issue.

In addition, a hearing is required on the executrices' requests for legal fees. The record is inadequate to determine the basis for the Surrogate's reduction of the legal fees requested. The Surrogate did not determine which of the services performed by the executrices were legal or executorial in nature, nor did he make findings in accordance with the criteria in *Matter of Freeman* (34 NY2d 1) *(see, Matter of Rees,* 141 AD2d 649; *cf., Matter of Kelly,* 187 AD2d 718).

The executrices' contention that a hearing is required before they can be removed as fiduciaries is premature on this record as the order appealed from did not remove them as executrices.

We have examined the executrices' remaining contentions and find them to be without merit. O'Brien, J. P., Santucci, Joy and Krausman, JJ., concur.