■ In the Matter of NORA McL. C. MARY B. et al., Respondents, v PEGGY D., Appellant. [764 NYS2d 128] —In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian, Peggy D. appeals, as limited by her notice of appeal and brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Rosetti, J.), dated October 26, 2001, which, inter alia, determined that she wrongfully converted accounts held jointly with the incapacitated person, appointed an independent guardian of the incapacitated person's personal needs and property, and revoked the health care proxy in her favor.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court providently exercised its discretion in appointing an independent guardian for the incapacitated person, Nora McL. C. (hereinafter Nora) *(see* Mental Hygiene Law § 81.02 [a]). Nora previously executed a power of attorney in favor of her niece, the cross-petitioner, Peggy D. (hereinafter the appellant). Although the appellant, as Nora's attorney-in-fact, had a fiduciary duty to act for the benefit of Nora, the evidence amply shows that the appellant improperly dissipated certain of Nora's income and/or accounts, and transferred to herself certain stock worth in excess of $80,000. These acts of the appellant evince impropriety and self-dealing *(see Semmler v Naples,* 166 AD2d 751 [1990]). Thus, under the circumstances of this case, the appointment of an independent guardian was appropriate *(see* Mental Hygiene Law § 81.02 [a] [2]; § 81.19 [d]).

In appointing a guardian, one of the factors that a court must consider is any appointment of a health care proxy by the incapacitated person under the Public Health Law *(see* Mental

Hygiene Law § 81.19 [d] [1]; Public Health Law § 2981). In this case, the Supreme Court properly removed the appellant as Nora's health care proxy.

The appellant's remaining contentions are without merit. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.