■ In the Matter of BARBARA P., a Person Alleged to be Incapacitated, Appellant. ROBERT DOAR, Respondent. [898 NYS2d 465]—In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and the property management of Barbara P., an alleged incapacitated person, Barbara P. appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Lane, J.), dated December 9, 2008, which, after a hearing, inter alia, granted the petition and appointed a guardian for her property, with limited powers over her person, for a period of two years.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The hearing record established the appellant's incapacity by clear and convincing evidence (*see* Mental Hygiene Law § 81.02 [b]; *Matter of Ardelia R.*, 28 AD3d 485, 486 [2006]). Further, the powers granted to the guardian in this case were the least restrictive form of intervention necessary to provide for the appellant's personal needs and property management in light of her understanding and appreciation of the nature and consequences of her functional limitations (*see* Mental Hygiene Law § 81.02

[2]; § 81.03 [d]; *Matter of Carol C.*, 41 AD3d 474 [2007]). Accordingly, the Supreme Court providently exercised its discretion in appointing a guardian for the purpose of relocating the appellant to another residence in the community. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.