■ In the Matter of DORIS J. LENORE S. BIRNBAUM, Petitioner; MORRIS KAHN, Appellant; HOWARD JITOMIR, Respondent, et al., Respondents. [940 NYS2d 293]—

In a proceeding pursuant to Mental Hygiene Law article 81, in which Lenore S. Birnbaum petitioned to settle the final inventory and account of Doris J., Morris Kahn appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Asarch, J.), dated November 15, 2010, as authorized and directed the guardian of the estate of Doris J. to pay him fees for certain accounting services rendered in the sum of only $48,850.

Ordered that the matter is remitted to the Supreme Court, Nassau County, to set forth a clear and concise explanation of its determination with respect to its award of fees to Morris Kahn for accounting services rendered; and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

The appellant, Morris Kahn, performed certain tax consulting and accounting work regarding the guardianship and estate of Doris J. for the years 2005 through 2010. Following the death of Doris J. in 2010, in connection with the settlement of the final inventory and account of her estate, the appellant sought the sum of $161,301.50 for both accounting and other professional services rendered in 2008, 2009, and 2010. He submitted affidavits with billing rates, which demonstrated that he had completed a total of 459 hours of work for accounting services during that period. The affidavits reflected that the appellant had charged $252 per hour in 2008, $318 per hour in 2009, and $343 per hour in 2010.

In the order appealed from, the Supreme Court, inter alia, authorized and directed the guardian of the estate of Doris J. to pay the appellant the aggregate sum he was seeking for professional services rendered during the subject period other than for the accounting services. However, regarding compensation for the accounting services rendered, although the Court accepted the number of hours worked set forth in the appellant's affidavits, it rejected the rates at which he billed for 2008, 2009, and 2010, and set the rate at $150 per hour for each of those years. Based upon that hourly rate, the Supreme Court awarded the appellant the sum of $48,850 for accounting services rendered (representing 459 hours of work at a rate of $150 per hour, less $20,000 "paid on account"). On appeal, the appellant argues that the Supreme Court should not have limited his fees for accounting services to the rate of only $150 per hour.

Although the Supreme Court has broad discretion in determining the reasonable amount to award to professionals for work performed in a guardianship proceeding, it must provide a clear and concise explanation for its award (*see generally Matter of Marion C.W. [Lisa K.—Maguire]*, 83 AD3d 1089, 1090 [2011]; *Matter of Audrey J.S.*, 34 AD3d 820, 821 [2006]; *Matter of Martha O.J.*, 22 AD3d 756, 757 [2005]). Here, the Supreme Court failed to explain its reasoning for disregarding the rates utilized by the appellant and why it chose to instead apply the reduced rate of $150 per hour for accounting services rendered in 2008, 2009, and 2010. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, to set forth a clear and concise explanation of its determination with respect to its award of fees to the appellant for accounting services rendered. The Supreme Court shall file its report with all convenient speed. Dillon, J.P., Florio, Austin and Roman, JJ., concur.