The petitioner demonstrated that the appointment of a guardian for Barbara S., the alleged incapacitated person, was necessary to provide for her personal needs and to manage her property and financial affairs (see Mental Hygiene Law § 81.02 [a] [1]; Matter of Adam J. [Gwendolyn J.], 89 AD3d 943, 944 [2011]; Matter of Barbara P. [Doar], 72 AD3d 827, 827-828 [2010]; Matter of Ardelia R., 28 AD3d 485, 486 [2006]). The petitioner further established, by clear and convincing evidence, that Barbara S. was likely to suffer harm because she was unable to provide for her personal needs and management of her property, and could not adequately understand and appreciate the nature and consequences of such inability (see Mental Hygiene Law § 81.02 [b] [1], [2]). Accordingly, the Supreme Court properly appointed Barbara S.’s sister as guardian for Barbara S.’s personal needs and property management (see Matter of Adam J. [Gwendolyn J.], 89 AD3d at 944; Matter of Barbara P. [Doar], 72 AD3d at 827; Matter of Ardelia R., 28 AD3d at 486; Matter of Margaret K., 17 AD3d 466 [2005]). Eng, P.J., Skelos, Lott and Cohen, JJ., concur.