In the Matter of HAROLD W.S. MARK P., Respondent. LAURALYN W., Nonparty Appellant. [22 NYS3d 73]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Harold W.S., an alleged incapacitated person, nonparty Lauralyn W. appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Murphy, J.), entered May 24, 2013, as, after a hearing, granted the petition and appointed an independent guardian to manage Harold W.S.'s person and property.

Ordered that judgment is affirmed insofar as appealed from, with costs.

The nonparty appeals from a judgment pursuant to Mental Hygiene Law article 81, which, inter alia, appointed an independent guardian to manage Harold W.S.'s person and property. Contrary to the contention of the attorney for Harold W.S., the nonparty appellant is aggrieved by the judgment (*see* CPLR 5511; *see also Matter of Joseph D.*, 55 AD3d 907 [2008]; *Matter of Isadora R.*, 5 AD3d 494 [2004]).

The petitioner commenced this proceeding in his capacity as the administrator of the skilled nursing facility where Harold W.S. resides. A nursing home which is concerned with the welfare of a resident falls within the scope of the statutory definition of those parties who are permitted to commence a proceeding pursuant to Mental Hygiene Law article 81 (*see* Mental Hygiene Law § 81.06 [a] [6]). Here, the petition alleged, inter alia, that the petitioner was concerned for the welfare of Harold W.S., and also that Harold W.S. was incapable of arranging for payment of his nursing home bill. Contrary to the nonparty appellant's contention, the latter allegation did not deprive the Supreme Court of subject matter jurisdiction. Nothing in the statutory definition of a permissible petitioner (*see* Mental Hygiene Law § 81.06 [a]), or in the stated legislative purpose of article 81 of the Mental Hygiene Law (*see* Mental Hygiene Law § 81.01) precludes the Supreme Court from exercising jurisdiction over the proceeding under these circumstances.

The Supreme Court may appoint a guardian for a person if the court determines that the appointment is necessary to

provide for the person's personal needs and/or to manage his or her property and financial affairs, and the person agrees to the appointment or is incapacitated (*see* Mental Hygiene Law § 81.02 [a]). In deciding whether the appointment is necessary, the court must consider the report of a court evaluator and the sufficiency and reliability of available resources to provide for personal needs or property management without the appointment of a guardian (*see* Mental Hygiene Law § 81.02 [a]). A determination of incapacity must be based on clear and convincing evidence and must consist of a determination that a person is likely to suffer harm because he or she is unable to provide for personal needs and/or property management and cannot adequately understand and appreciate the nature and consequences of such inability (*see* Mental Hygiene Law § 81.02 [b]). A guardian should be appointed only as a last resort, where no available resources or other alternative will adequately protect the alleged incapacitated person (*see Matter of Albert S.*, 286 AD2d 684 [2001]; *Matter of Maher*, 207 AD2d 133 [1994]).

Here, clear and convincing evidence established that Harold W.S. was incapacitated (*see* Mental Hygiene Law § 81.02 [b]). Moreover, contrary to the nonparty appellant's contention, the evidence supported a finding that the appointment of a guardian was necessary to provide for Harold W.S.'s personal needs and to manage his property and financial affairs (*see* Mental Hygiene Law § 81.02 [a]). Dillon, J.P., Hall, Cohen and Barros, JJ., concur.