█ In the Matter of YOLANDA T. M., a Person Alleged to be Incapacitated. DIMITRIOS SPANOS, Nonparty Appellant. [28 NYS3d 709]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Dimitrios Spanos, the successor guardian of the person and property of Yolanda T. M., moved to settle his final account, Dimitrios Spanos appeals from so much of a resettled order of the Supreme Court, Queens County (Nahman, J.), dated December 12, 2013, as, upon judicially settling his final account, awarded him guardianship commissions pursuant to SCPA 2307 (1) in the total sum of only $14,496.50,

and granted his request for an award of an attorney's fee only to the extent of awarding his attorney the sum of $1,823.50.

Ordered that the matter is remitted to the Supreme Court, Queens County, to set forth its calculations and the reasons for its determination with respect to the appellant's request for an award of guardianship commissions pursuant to SCPA 2307 (1), and to set forth the factors considered and the reasons for its determination with respect to the appellant's request for an award of an attorney's fee, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

On April 29, 2008, Dimitrios Spanos (hereinafter the appellant) was appointed the successor guardian of the person and property of Yolanda T. M., an incapacitated person. In January 2013, the appellant moved, inter alia, to settle his final account, for an award of guardianship commissions pursuant to SCPA 2307 (1), and for an award of an attorney's fee. In a resettled order dated December 12, 2013, the Supreme Court, upon judicially settling the appellant's final account, among other things, awarded the appellant guardianship commissions in the total sum of $14,496.50, and granted his request for an award of an attorney's fee to the extent of awarding his attorney the sum of $1,823.50, payable with guardianship assets.

Pursuant to SCPA 2307 (1), a successor guardian of the property of an incapacitated person, like any other "fiduciary" (SCPA 103 [21]), is entitled to a commission for receiving and paying out sums of money (see Matter of Shydasha J.S. [Smith], 117 AD3d 1066, 1068 [2014]). Here, the Supreme Court did not make any findings or provide any calculations to explain its award of guardianship commissions in the total sum of $14,496.50, which was less than the amount requested in the appellant's final account (see Matter of Gottlieb, 221 AD2d 530 [1995]).

Further, while "the Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding" (Matter of Alice D. [Lupoli], 113 AD3d 609, 613 [2014]; see Mental Hygiene Law § 81.10 [f]), "it must provide a clear and concise explanation for its award in a written decision with reference to the following factors: (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, (2) the attorney's experience, ability, and reputation, (3) the amount involved and the benefit flowing to the ward as a result of the attorney's services, (4) the fees awarded in similar cases, (5) the contingency or certainty of compensation,

(6) the results obtained, and (7) the responsibility involved" (*Matter of Alice D. [Lupoli]*, 113 AD3d at 613-614; *see Matter of Doris J.*, 93 AD3d 726, 727 [2012]; *Matter of Audrey J.S.*, 34 AD3d 820, 821 [2006]). Here, the resettled order granting the appellant's request for an award of an attorney's fee only to the extent of awarding his attorney the sum of $1,823.50 did not contain an explanation for the amount of the award, and made no reference to any of the above factors (*see Matter of Alice D. [Lupoli]*, 113 AD3d at 614; *Matter of Audrey J.S.*, 34 AD3d at 821).

Accordingly, we remit the matter to the Supreme Court, Queens County, to set forth its calculations and the reasons for its determination with respect to the appellant's request for an award of guardianship commissions pursuant to SCPA 2307 (1), and to set forth the factors considered and the reasons for its determination with respect to the appellant's request for an award of an attorney's fee (*see Matter of Doris J.*, 93 AD3d at 727; *Matter of Audrey J.S.*, 34 AD3d at 821). The Supreme Court shall file its report with all convenient speed. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.