■ In the Matter of Dorothy K.F., Appellant; Michael F., Respondent; Stephenie F., Appellant. Shamberg Marwell Hollis Andreycak & Laidlaw, P.C., et al., Nonparty Respondents.
[44 NYS3d 98]—

In a proceeding, inter alia, pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Dorothy K.F., an alleged incapacitated person, in which Stephanie F. cross-petitioned, among other things, to be appointed the guardian of Dorothy K.F., Stephanie F. appeals, as limited by her brief, from (1) stated portions of a judgment of the Supreme Court, Westchester County (Murphy, J.), entered August 18, 2015, which, after a hearing, inter alia, granted the petition to the extent of appointing an independent guardian to manage Dorothy K.F.'s property and revoking a power of attorney naming Stephanie F. as agent, and (2) so much of an order of the same court also entered August 18, 2015, as granted the application of the petitioner's attorney for reasonable compensation to the extent of awarding her the sum of $16,095 out of the assets of Dorothy K.F. and granted the application of the court evaluator for reasonable compensation to the extent of awarding her the sum of $18,705 out of the assets of Dorothy K.F., and Dorothy K.F. separately appeals (1) from so much of the judgment as granted the petition to the extent of determining that she was an incapacitated person, appointing an independent guardian to manage her property, and revoking the power of attorney naming Stephanie F. as agent, and (2), as limited by her brief, from so much of the order as granted the application of the petitioner's attorney for reasonable compensation to the extent of awarding her the sum of $16,095 out of the assets of Dorothy K.F.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that on the Court's own motion, the notices of appeal from the order are deemed to be applications for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner, Michael F., payable by the appellants.

The petitioner, Michael F., commenced this proceeding, inter alia, pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Dorothy K.F., an alleged incapacitated person, and to revoke a power of attorney executed by Dorothy K.F. naming Stephanie F. as her agent. In a judgment entered August 18, 2015, the Supreme Court granted the petition to the extent of revoking the power of attorney, appointing an independent guardian to manage Dorothy K.F.'s property, and appointing Stephanie F. to manage Dorothy K.F.'s person. In an order also entered August 18, 2015, the Supreme Court, among other things, granted the application of the petitioner's attorney for reasonable compensation to the extent of awarding her the sum of $16,095 out of the assets of Dorothy K.F., and granted the application of the court evaluator for reasonable compensation to the extent of awarding her the sum of $18,705 out of the assets of Dorothy K.F. Stephanie F. and Dorothy K.F. separately appeal from the judgment and the order.

After a hearing, the Supreme Court properly determined that the petitioner established, by clear and convincing evidence, that Dorothy K.F. was incapacitated (see Mental Hygiene Law § 81.02 [b]; Matter of Harold W.S. [Mark P.—Lauralyn W.], 134 AD3d 724, 725 [2015]). Further, in light of Stephanie F.'s self-dealing and breaches of fiduciary duty in the course of her conduct as Dorothy K.F.'s agent pursuant to the power of attorney, and in light of the bitter discord among the family members of Dorothy K.F., the court providently exercised its discretion in appointing an independent guardian for the property of Dorothy K.F., and revoking the power of attorney (see Mental Hygiene Law §§ 81.19 [a] [1]; [d]; 81.29 [d]; Matter of Ollie D., 30 AD3d 599, 600 [2006]; Matter of Ardelia R., 28 AD3d 485, 487 [2006]; Matter of Nora McL. C., 308 AD2d 445 [2003]).

Contrary to the appellants' contentions, the Supreme Court provided adequate explanations for its awards of compensation to the petitioner's attorney and the court evaluator (see Mental Hygiene Law §§ 81.09 [f]; 81.16 [f]; Matter of Yolanda T.M., 137 AD3d 1280, 1281-1282 [2016]; Matter of Doris J., 93 AD3d 726, 727 [2012]).

The appellants' remaining contentions are without merit. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.