■ In the Matter of YOLANDA T.M. DIMITRIOS SPANOS, Nonparty Appellant. [46 NYS3d 198]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Dimitrios Spanos, the successor guardian of the person and property of Yolanda T.M., moved to settle his final account, Dimitrios Spanos appeals from so much of a resettled order of the Supreme Court, Queens County (Nahman, J.), dated December 12, 2013, as, upon judicially settling his final account, awarded him guardianship commissions pursuant to SCPA 2307 (1) in the total sum of only $14,496.50, and granted his request for an award of an attorney's fee only to the extent of awarding his attorney the sum of $1,823.50.

Ordered that the resettled order is modified, on the law, (1) by deleting from the fourth decretal paragraph thereof the sum of $14,496.50 and substituting therefor the sum of $16,789.62, and (2) by deleting the provision thereof awarding Dimitrios Spanos an attorney's fee in the sum of $1,823.50; as so modified, the resettled order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

On April 29, 2008, Dimitrios Spanos (hereinafter the appellant) was appointed the successor guardian of the person and property of Yolanda T.M., an incapacitated person. In January 2013, the appellant moved, inter alia, to settle his final account, for an award of guardianship commissions pursuant to SCPA 2307 (1), and for an award of an attorney's fee. In support of the motion, the appellant submitted, among other things, an affirmation of legal services asserting that legal fees were incurred in the total sum of $16,320. In a resettled order dated December 12, 2013, the Supreme Court, upon judicially settling the appellant's final account, inter alia, awarded the appellant guardianship commissions in the total sum of $14,496.50, and granted his request for an award of an attorney's fee only to the extent of awarding his attorney the sum of $1,823.50, payable with guardianship assets. On appeal from the resettled order, this Court remitted the matter to the

Supreme Court, Queens County, for the court to set forth its calculations, the factors it considered, and its reasons for making those determinations, and the appeal was held in abeyance in the interim (*see Matter of Yolanda T.M.*, 137 AD3d 1280 [2016]).

Upon remittal, the Supreme Court issued a decision, inter alia, setting forth its calculations for determining that the appellant was entitled to guardianship commissions in the total sum of $14,496.50. The decision shows that this total sum was based on compensation in the sum of $16,789.62 for funds received and disbursed, less prior compensation received by the appellant in the total sum of $2,293.12. The appellant raises no challenge to the court's calculation that he is entitled to commissions in the sum of $16,789.62 for funds received and disbursed. However, the appellant correctly asserts that there was no basis for the court to reduce that award by the sum of $2,293.12 for prior compensation (*see* SCPA 2307). The appellant's contention that he was entitled to additional annual commissions is without merit. Accordingly, we modify the resettled order to increase the amount of guardianship commissions awarded to the appellant to the total sum of $16,789.62.

Further, the issue of the appropriate amount of an attorney's fee must be remitted to the Supreme Court, Queens County, for a hearing and new determination thereafter (*see Matter of Gottlieb*, 221 AD2d 530, 531 [1995]). "[C]ompensation for legal services is limited to time spent on legal matters," and " '[c]lassifying a particular service as being legal in nature does not necessarily mean it is compensable' " (*Matter of Shydasha J.S. [Smith]*, 117 AD3d 1066, 1068 [2014], quoting *Matter of Passuello*, 184 AD2d 108, 111 [1992]). Where the " 'legal services' actually constituted the normal and customary duties of a guardian of property, which is compensated through the ordinary award of a commission," it is improper to award an attorney's fee for those services (*Matter of Shydasha J.S. [Smith]*, 117 AD3d at 1069). Here, the court concluded that some of the services performed by the appellant's counsel, for which the appellant sought an award of an attorney's fee, may have been of the type customarily performed by a guardian, but it failed to articulate which legal services warranted an attorney's fee (*see Matter of Alice D. [Lupoli]*, 113 AD3d 609, 614 [2014]). It was improper for the court to calculate the amount of the attorney's fee based on the difference between the amount of guardianship commissions awarded to the appellant and the amount requested for an attorney's fee, as those sums

are not calculated in the same manner. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and a new determination thereafter on the issue of the amount of the attorney's fee award. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.