Matter of Fritz G. (2018 NY Slip Op 05592)





Matter of Fritz G.


2018 NY Slip Op 05592


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-07447
 (Index No. 100365/16)

[*1]In the Matter of Fritz G. (Anonymous), appellant. Elisa P.-L. (Anonymous), respondent.


Mental Hygiene Legal Service, Mineola, NY (Michael Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, Fritz G. appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated April 3, 2017. The order and judgment, insofar as appealed from, after a hearing, granted that branch of the petition of Elisa P.-L. which was to be appointed as the guardian of the person of Fritz G., and appointed Elisa P.-L. as the guardian of the person of Fritz G.
ORDERED that the order and judgment is reversed insofar as appealed from, on the facts, without costs or disbursements, and that branch of the petition of Elisa P.-L. which was to be appointed as the guardian of the person of Fritz G. is denied.
The petitioner is the mother of Fritz G., who allegedly suffers from schizophrenia and bipolar disorder. The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 seeking to be appointed as the guardian of the person and property of Fritz G. She alleged that Fritz G. was not compliant with his medications and that, as a result, he lived on the street and did not take care of himself. After a hearing, the Supreme Court, inter alia, granted that branch of the petition which was to have the petitioner appointed as the guardian of the person of Fritz G., and appointed the petitioner as the guardian of Fritz G.'s person. Fritz G. appeals.
The Supreme Court may appoint a guardian for a person if the court determines that the appointment is necessary to provide for the person's personal needs or to manage his or her property and financial affairs, and the person either agrees to the appointment or is incapacitated (see Mental Hygiene Law § 81.02[a]; Matter of Harold W.S. [Mark P.—Lauralyn W.], 134 AD3d 724, 724-725). In determining whether the appointment of a guardian is necessary, the court must consider the report of a court evaluator as well as the sufficiency and reliability of resources that may be available to provide for personal needs or property management absent the appointment of a guardian (see Mental Hygiene Law § 81.02[a]). A determination of incapacity must be based on clear and convincing evidence and must consist of a determination that a person is likely to suffer harm because he or she is unable to provide for personal needs or property management and cannot adequately understand and appreciate the nature and consequences of such inability (see Mental Hygiene Law § 81.02[b]). Moreover, a guardian should be appointed only as a last resort, where no available resources or other alternative will adequately protect the alleged incapacitated person (see Matter of Harold W.S. [Mark P.—Lauralyn W.], 134 AD3d at 725; Matter of Albert S., 286 AD2d 684, 684; Matter of Maher, 207 AD2d 133, 140).
Here, the evidence at the hearing consisted only of the petitioner's testimony regarding Fritz G.'s mental illness, and a cursory report and testimony of the court evaluator, who had only one brief conversation with Fritz G. by telephone. This evidence failed to establish that Fritz G. was incapacitated. Moreover, the Supreme Court failed to consider less restrictive options than appointment of a guardian. Accordingly, that branch of the petition which was to have the petitioner appointed as the guardian of the person of Fritz G. should have been denied. Nevertheless, it was clear from the petitioner's testimony that Fritz G. is in need of assistance, and the parties' attorneys specifically mentioned the possibility of assisted outpatient treatment to address those needs. The petitioner's failure to establish, on this record, the necessity of Mental Hygiene Law article 81 guardianship does not preclude her from seeking any appropriate assistance for Fritz G. (see e.g. Mental Hygiene Law § 9.60).
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court