Matter of Helen S. (2019 NY Slip Op 01417)





Matter of Helen S.


2019 NY Slip Op 01417


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-06766
2016-12808
 (Index No. 3628/06)

[*1]In the Matter of Helen S. (Anonymous), respondent. Marisa Falero, nonparty-appellant.


Marisa Falero, Brooklyn, NY, nonparty-appellant pro se.
Peter Wolf, Kew Gardens, NY, for respondent.



DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Marisa Falero, a former guardian of the person and property of Helen S., moved to settle her final account, Marisa Falero appeals from two orders of the Supreme Court, Queens County (Lee A. Mayersohn, J.), dated April 27, 2016, and October 17, 2016, respectively. The order dated April 27, 2016, insofar as appealed from, awarded the appellant only $10,693.36 in legal fees and disbursements and declined to award her guardianship commissions. The order dated October 17, 2016, insofar as appealed from, in effect, upon reargument, adhered to those determinations.
ORDERED that the appeal from the order dated April 27, 2016, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 17, 2016, made upon reargument; and it is further,
ORDERED that the order dated October 17, 2016, is modified, on the law and the facts, by deleting the provision thereof which, upon reargument, adhered to the determination in the order dated April 27, 2016, declining to award the appellant any guardianship commissions, and substituting therefor a provision, upon reargument, vacating that determination and, thereupon, awarding the appellant $2,800 in guardianship commissions; as so modified, the order dated October 17, 2016, is affirmed insofar as appealed from, without costs or disbursements.
Marisa Falero (hereinafter the appellant) was appointed the guardian of the person and property of Helen S. in December 2009. The appellant was removed from that position by order dated October 21, 2014, at the request of Helen S.; that order was affirmed on appeal (see Matter of Helen S. [Falero], 130 AD3d 834). In February 2015, the appellant moved, inter alia, to settle her final account, for an award for "extraordinary services rendered," an award of legal fees, and costs. In support of her motion, the appellant submitted an affirmation of legal and extraordinary services wherein she affirmed, inter alia, that from March 2014 to December 2014 she had refrained from taking the monthly stipend in the sum of $350 per month that had been authorized as guardianship compensation. Thus, in addition to awards for her extraordinary services rendered and legal services rendered, she also sought an award of guardianship commissions for the nine months she did not take the stipend. In an order dated April 27, 2016, the Supreme Court, upon judicially settling the appellant's final account, inter alia, awarded the appellant legal fees only to the extent of awarding the sum of $10,450, approximately half of the amount the appellant requested, together with disbursements in the sum of $243.36. The court declined to award the appellant any guardianship commissions, finding that the services rendered were not "extraordinary," and further that the [*2]appellant had been compensated for the services rendered by the payment of the monthly stipend. The appellant moved for leave to reargue her motion, contending, inter alia, that the court had overlooked or misapprehended the fact that she did not collect the stipend for a number of months. In an order dated October 17, 2016, the court, in effect, granted reargument, but adhered to its original determination.
"[T]he Supreme Court has broad discretion in determining the reasonable amount to award as an attorney's fee in a guardianship proceeding" (Matter of Alice D. [Lupoli], 113 AD3d 609, 613; see Mental Hygiene Law § 81.10[f]; Matter of Yolanda T.M., 137 AD3d 1280, 1281). Where a guardian acts in a dual capacity, it is the guardian's burden in seeking fees for additional services to demonstrate that those services were not performed in the role as guardian (see Matter of Frank C. [Hyman], 102 AD3d 683, 684; Matter of Reitano v Department of Social Servs., 90 AD3d 934). Here, the Supreme Court providently exercised its discretion in awarding a fee for only some of the legal services rendered by the appellant and, contrary to the appellant's contention, the court provided an adequate explanation for its partial award (see Matter of Yolanda T.M., 137 AD3d at 1281-1282).
However, the Supreme Court should not have adhered to its prior determination with respect to guardianship commissions. In concluding that the monthly stipend had adequately compensated the appellant for the services she rendered, the court overlooked the fact that, in her affirmation, the appellant stated that she had not taken the stipend for a number of months. Thus, we modify the order dated October 17, 2016, so as to, upon reargument, award the appellant the sum of $2,800, reflecting eight months of the uncollected stipend at the rate of $350 per month for the months between March 2014 and October 2014.
The appellant's remaining contention is not properly before this Court.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court