Matter of Carolyn S. (Gaylor) (2021 NY Slip Op 01980)





Matter of Carolyn S. (Gaylor)


2021 NY Slip Op 01980


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-07554
 (Index No. 81015/16)

[*1]In the Matter of Carolyn S. (Anonymous), appellant. Rosanne Gaylor, etc., respondent.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Amit R. Vora of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Carolyn S., an alleged incapacitated person, Carolyn S. appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Charles M. Troia, J.), entered April 26, 2019. The order and judgment, insofar as appealed from, after a hearing, granted the petition to the extent of adjudicating Carolyn S. to be an incapacitated person in need of a guardian to manage her property and appointed nonparty New York Guardianship Services as the property management guardian.
ORDERED that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.
In order for a court to exercise its authority to appoint a property management guardian, it must make a two-pronged determination (see Mental Hygiene Law § 81.02[a]; Matter of Aurelia S. [Banks], 186 AD3d 715, 716). First, the court must determine that "the appointment is necessary to . . . manage the property and financial affairs of that person" (Mental Hygiene Law § 81.02[a][1]). Second, the court must determine either "that the person agrees to the appointment, or that the person is incapacitated" (Mental Hygiene Law § 81.02[a][2]).
A determination of incapacity must be based upon evidence that the person is "likely to suffer harm" because: (1) he or she is "unable to provide for . . . property management," and (2) "the person cannot adequately understand and appreciate the nature and consequences of such inability" (Mental Hygiene Law § 81.02[b][1], [2]). The court must also assess, in pertinent part, "the nature and extent of the person's property and financial affairs"; any mental disability and the prognosis of the disability; "any medications with which the person is being treated and their effect on the person's behavior, cognition and judgment"; and "other relevant facts and circumstances" (Mental Hygiene Law § 81.02[c][4]; [d]; see Matter of Carole L., 136 AD3d 917, 918-919).
Significantly, any guardian appointed shall be granted "only those powers which are necessary to provide for personal needs and/or property management of the incapacitated person in such a manner as appropriate to the individual and which shall constitute the least restrictive form [*2]of intervention" (Mental Hygiene Law § 81.02[a][2]). "A determination that a person is incapacitated . . . must be based on clear and convincing evidence" (Mental Hygiene Law § 81.12[a]; see Mental Hygiene Law § 81.02[b]). "The burden of proof shall be on the petitioner" (Mental Hygiene Law § 81.12[a]; see Matter of Agam S.B.-L [Janna W.], 169 AD3d 1028, 1030).
Here, the hearing record established the appellant's incapacity by clear and convincing evidence (see Mental Hygiene Law § 81.02[b]; see Matter of Aurelia S. [Banks], 186 AD3d at 716; Matter of Loftman [Mae R.], 123 AD3d 1034, 1035-1037; Matter of Ardelia R., 28 AD3d 485, 486-487). Further, the powers granted to the guardian in this case were the least restrictive form of intervention necessary to provide for the appellant's property management in light of her understanding and appreciation of the nature and consequences of her functional limitations (see Mental Hygiene Law §§ 81.02[a][2]; 81.03[d]; Matter of Barbara P. [Doar], 72 AD3d 827; cf. Matter of Aurelia S. [Banks], 186 AD3d at 716; Matter of Heidi B. [Pasternak], 165 AD3d 923).
Accordingly, the Supreme Court providently exercised its discretion in appointing a guardian for the purpose of managing the appellant's property and financial affairs.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court