Matter of James H. Supplemental Needs Trusts (2021 NY Slip Op 02860)





Matter of James H. Supplemental Needs Trusts


2021 NY Slip Op 02860


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

531158
[*1]In the Matter of the James H. Supplemental Needs Trusts. Kathleen Toombs, as Guardian of the Property of James H., Respondent; John H., Appellant. (And Another Related Proceeding.)

Calendar Date:March 11, 2021

Before:Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ.

Falcon Rappaport & Berkman PLLC, Rockville Centre (Paul M. O'Brien of counsel), for appellant.
Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from that part of an order of the Supreme Court (Buchanan, J.), entered January 22, 2020 in Schenectady County, which granted petitioners' applications, in two proceedings pursuant to Mental Hygiene Law article 81, for counsel fees and compensation for guardian services and authorized those amounts to be paid from supplemental needs trusts.
In September 2016, petitioner was appointed guardian, pursuant to Mental Hygiene Law article 81, of James H., an incapacitated person who suffered from throat cancer and mental illness. At the time of the appointment, James H. was the beneficiary of five supplemental needs trusts (hereinafter SNTs). Respondent, James H.'s brother, formerly served as the trustee of three of the SNTs.[FN1] As guardian, petitioner, an attorney, performed numerous services on James H.'s behalf. Her legal work included her successful efforts at removing respondent as trustee of the three SNTs. Respondent appealed that order, and, in relation thereto, Nicholas E. Tishler was appointed as petitioner's appellate counsel. Subsequently, the order, judgment and decree removing respondent as trustee was affirmed on appeal (Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1572 [2019]). Petitioner's services as a layperson included assisting with bill payment, shopping for personal goods and ordering groceries, coordinating transportation to doctor, dental and psychiatric appointments, processing health care provider claims and assisting in processing the Supplemental Nutrition Assistant Program, food stamps and Medicaid recertification.
Petitioner moved for compensation pursuant to Mental Hygiene Law § 81.28 (a). Her motion requested fees due her in both of her previously described capacities, as well as counsel fees due Tishler. Supreme Court granted all requests and determined that petitioner was entitled to 49.18 hours of legal services at $350 per hour ($17,213) and guardian fees at $1,500 per month for 24 months ($36,000), and that Tishler was entitled to 76.5 hours of legal services at $400 per hour ($30,600), plus $393.19 in disbursements ($30,993.19).[FN2] Supreme Court authorized the SNTs' successor trustee to make these payments to petitioner and Tishler from the SNTs. Respondent appeals.
Respondent contends that Supreme Court erred in directing that the payments should be made from the SNTs.[FN3] An SNT "is a planning tool used to shelter a severely disabled person's assets for the dual purpose of securing or maintaining eligibility for state-funded services, and enhancing the disabled person's quality of life with supplemental care paid by his or her trust assets" (Matter of Abraham XX., 11 NY3d 429, 434 [2008]; see Matter of Tinsmon [Lasher], 169 AD3d 1305, 1305 [2019]). Trustees of SNTs are prohibited "from expending or distributing trust assets in any way which may supplant, impair or diminish government benefits or assistance for which the beneficiary may otherwise be eligible or which the beneficiary [*2]may be receiving" (EPTL 7-1.12 [a] [5] [ii]).
Mental Hygiene Law § 81.28 (a) authorizes the court to approve a plan for reasonable compensation of a guardian, including counsel fees, and places oversight of the fees awarded with the court. However, the statute does not set forth or determine the source of any such compensation. Here, Supreme Court utilized various provisions of the SNTs, which the court found authorized compensation of attorneys and accountants for "all reasonable legal and accounting fees related to the [t]rust" and any payments as may be needful or useful in enhancing the lifestyle of James H. to authorize the successor trustee to make payment from the SNTs. To these ends, petitioner's services as guardian and the legal services provided by petitioner and Tishler successfully resulted in the removal of respondent as trustee of James H.'s SNTs. The record evinces that respondent was incredibly litigious, obstinate and consistently reluctant to pay James H.'s medical bills and expenses. Upon respondent's removal, petitioner was better able to ensure that James H.'s weekly needs were met, resulting in the timely and efficient payment of bills and coordination and receipt of services benefiting him, thus reducing James H.'s anxiety. More importantly, respondent was also the executor of their mother's estate and, despite the fact that two years had elapsed since their mother's death, respondent had not transferred James H.'s inheritance into his SNTs, leaving two of the SNTs unfunded. Respondent's removal further led to the subsequent significant funding of the SNTs,[FN4] resulting in greater availability of funds for the payment of James H.'s necessities, such as health care, transportation and groceries, as well as personal items to enhance his lifestyle.
However, as with any SNT, a chief concern is whether payment to a third party from the SNTs would render James H. ineligible for receipt of government benefits or assistance. "Generally, disbursements from the trust to a third party are not income to the trust beneficiary. . . . Disbursements that do not count as income may include those made for educational expenses, therapy, transportation, professional fees, medical services not covered by Medicaid, phone bills, recreation and entertainment" (Social Security Administration, Program Operations Manual System [POMS] S1 01120.200 [E] [1] [c]). As such, the disbursement of funds from the SNTs to petitioner and Tishler will not render James H. ineligible for government benefits. We find that Supreme Court did not err in authorizing the successor trustee to make payments to petitioner and Tishler, as it comports with the SNTs' explicit terms and the general purpose of the SNTs and was therefore permissible (see Matter of Tinsmon [Lasher], 169 AD3d at 1306; Matter of Arnold O., 279 AD2d 774, 779 [2001]).
Respondent next asserts that petitioner's application for counsel fees should not have been granted because it was not brought [*3]under Mental Hygiene Law § 81.10,[FN5] petitioner did not establish that her legal services were warranted and such fees amounted to double billing given Tishler's appointment. "The determination of reasonable counsel fees is a matter within the sound discretion of [Supreme Court] and, absent abuse, that court's determination will be upheld" (Ricciuti v Lombardi, 256 AD2d 892, 893 [1998] [internal quotation marks, brackets and citations omitted]; see Matter of Arnold O., 256 AD2d 764, 765 [1998]). Supreme Court must provide a clear and concise explanation for its award in a written decision with reference to numerous factors, including the time and labor required, the attorney's experience and ability, the benefit flowing to the incapacitated person as a result of the attorney's services and the results obtained (see Matter of Yolanda T.M., 137 AD3d 1280, 1281-1282 [2016]). "Where a guardian acts in a dual capacity, it is the guardian's burden in seeking [counsel fees] . . . to demonstrate that those services were not performed in the role as guardian" (Matter of Helen S., 169 AD3d 1048, 1050 [2019] [citations omitted]).
Supreme Court highlighted petitioner's experience in elder law and SNTs and determined that a majority of petitioner's legal services involved litigation instigated and/or fomented by respondent. Supreme Court properly reduced petitioner's hourly fee, disregarded hours included in entries where it was unable to distinguish between guardianship and legal services, and specifically disallowed any of petitioner's fees that it found to be duplicative of Tischler's fees. In determining the proper amount of counsel fees to be awarded to both petitioner and Tishler, Supreme Court determined that it was reasonable to award petitioner fees for acting as co-counsel to Tishler in assisting him in understanding the issues involved in the appeal, and specifically found petitioner's legal services supplemented Tishler's services. We agree. Having so determined, the record reveals no basis to disturb Supreme Court's award of fees to either petitioner or Tishler (see Matter of Arnold O., 256 AD2d at 765).
Garry, P.J., Clark and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Respondent is also the remainder beneficiary of James H.'s SNTs.

Footnote 2: The total amount due Tishler was less $10,030.33, accounting for the previously ordered retainer fee.

Footnote 3: This statement is inaccurate. Supreme Court did not direct the successor trustee to make the payments to petitioner and Tishler; rather, it merely authorizedthe payments or, in other words, approved the use of the SNTs for this purpose. The successor trustee retains discretion as to whether he will make such payments for the benefit of James H.

Footnote 4: Upon proper funding, the assets of James H.'s five SNTs was in excess of $1 million.

Footnote 5: Although Mental Hygiene Law § 81.10 (f) authorizes compensation to counsel appointed to represent an incapacitated person, it is not an exclusive avenue for compensation, especially under these circumstances where petitioner was not appointed as counsel, but instead was appointed as guardian and additionally provided legal services to the incapacitated person (see Matter of Yolanda T.M., 147 AD3d 765, 766 [2016]).