Matter of Maria Z. (Bonifacio Z.) (2022 NY Slip Op 02554)

Matter of Maria Z.

2022 NY Slip Op 02554

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2021-03817
 (Index No. 85221/20)

[*1]In the Matter of Maria Z. (Anonymous), appellant; Bonifacio Z. (Anonymous), et al., respondents.

Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Lisa Volpe, Felicia B. Rosen, and Dennis B. Feld of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Eric Broutman, Douglas Stern, and Sarah Chussler of counsel), for respondent Bonifacio Zaino.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Maria Z., an alleged incapacitated person, Maria Z. appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), entered May 12, 2021. The order, insofar as appealed from, after a hearing, granted the petition.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Maria Z., his adult sister, an alleged incapacitated person. In an order entered May 12, 2021, the Supreme Court, after a hearing, inter alia, granted the petition. Maria Z. appeals.
For a court to exercise its discretion to appoint a personal needs and/or a property management guardian, it must make a two-pronged determination (see Mental Hygiene Law § 81.02[a]; Matter of Samuel S. [Helene S.], 96 AD3d 954, 957; Matter of Daniel TT. [Diane UU.], 39 AD3d 94, 96-97). With respect to the first prong, when seeking to appoint a personal needs guardian, the court must first determine that "the appointment is necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety" (Mental Hygiene Law § 81.02[a][1]). Similarly, in appointing a property management guardian, with respect to the first prong, the court must first determine that "the appointment is necessary . . . to manage the property and financial affairs of that person" (id.). The second prong concerning either the appointment of a personal needs or a property management guardian requires that the court determine "that the person agrees to the appointment, or that the person is incapacitated" (id. § 81.02[a][2]). The petitioner has the burden of establishing the alleged incapacitated person's incapacity and need for a guardian by clear and convincing evidence (see id. §§ 81.02[b]; 81.12[a]). "Moreover, a guardian should be appointed only as a last resort, where no available resources or other alternative will adequately protect the alleged incapacitated person" (Matter of Fritz G., 164 AD3d 503, 504; see Matter of Harold W.S. [Mark P.—Lauralyn W.], 134 AD3d 724, 725).
Here, the hearing record established Maria Z.'s incapacity by clear and convincing evidence (see Mental Hygiene Law § 81.02[b]). Further, the evidence supported a finding that the appointment of a guardian was the least restrictive form of intervention necessary to provide for Maria Z.'s personal needs and to manage her property and financial affairs (see id. § 81.02[a]; Matter of Carolyn S. [Gaylor], 192 AD3d 1114, 1116; Matter of Harold W.S. [Mark P.—Lauralyn W.], 134 AD3d at 725; Matter of Barbara P. [Doar], 72 AD3d 827, 827).
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court