Matter of Laurent G. (Alexander G.) (2022 NY Slip Op 04168)

Matter of Laurent G. (Alexander G.)

2022 NY Slip Op 04168

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-03031
 (Index No. 2268/18)

[*1]In the Matter of Laurent G. (Anonymous), appellant.
and
Alexander G. (Anonymous), et al., respondents.

John C. Wirth, Jr., Poughkeepsie, NY, for appellant.
Cori A. Robinson PLLC, New York, NY, for respondents.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the property of Laurent G., an alleged incapacitated person, Laurent G. appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated February 4, 2020. The order and judgment, after a hearing, granted the petition.
ORDERED that the order and judgment is affirmed, without costs or disbursements.
The petitioners commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the property of Laurent G., their father, an alleged incapacitated person. After a hearing, in an order and judgment dated February 4, 2020, the Supreme Court granted the petition. Laurent G. appeals.
In order for a court to exercise its authority to appoint a property management guardian for an alleged incapacitated person, it must make a two-pronged determination (see Mental Hygiene Law § 81.02[a]; Matter of Carolyn S. [Gaylor], 192 AD3d 1114, 1115). First, the court must determine that "the appointment is necessary to . . . manage the property and financial affairs of that person" (Mental Hygiene Law § 81.02[a][1]). Second, the court must determine either "that the person agrees to the appointment, or that the person is incapacitated" (id. § 81.02[a][2]).
A determination of incapacity must be based upon evidence that the person is "likely to suffer harm" because (1) he or she is "unable to provide for . . . property management," and (2) "the person cannot adequately understand and appreciate the nature and consequences of such inability" (id. § 81.02[b][1], [2]). "The petitioner has the burden of establishing the alleged incapacitated person's incapacity and need for a guardian by clear and convincing evidence" (Matter of Maria Z. [Bonifacio Z.], 204 AD3d 930, 931; see Mental Hygiene Law § 81.12[a]).
Here, the petitioners established by clear and convincing evidence that Laurent G. is an incapacitated person as defined in Mental Hygiene Law article 81. Further, the evidence supported a finding that the appointment of a guardian was the least restrictive form of intervention necessary to manage Laurent G.'s property and financial affairs (see Matter of Carolyn S. [Gaylor], 192 AD3d at 1116).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court