Matter of Joan A. C. (Debra A. C.--Irene R.) (2023 NY Slip Op 03461)

Matter of Joan A. C. (Debra A. C.--Irene R.)

2023 NY Slip Op 03461

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-06926
 (Index No. 613342/21)

[*1]In the Matter of Joan A. C. (Anonymous). Debra A. C. (Anonymous), petitioner-respondent; Irene R. (Anonymous), appellant.

Daniel J. Reiter, New York, NY (Kathryn Donnelly of counsel), for appellant.
Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Ana Vuk-Pavlovic, and Dennis B. Feld of counsel), for Joan A. C.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Joan A.C., an alleged incapacitated person, in which Irene R. cross-petitioned to be appointed the guardian of the person and property of Joan A. C., Irene R. appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Marian Rose Tinari, J.), dated June 23, 2022. The order and judgment, after a hearing, inter alia, granted the petition, appointed an independent guardian to manage the person and property of Joan A.C. and, in effect, denied the cross-petition of Irene R. to be appointed guardian of the person and property of Joan A.C.
ORDERED that the order and judgment is affirmed, without costs or disbursements.
In July 2021, the petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of her mother, Joan A. C., an alleged incapacitated person. The petitioner's sister, Irene R. (hereinafter the appellant), filed a cross-petition to be appointed guardian of the person and property of Joan A. C. In an order and judgment dated June 23, 2022, made after a hearing, the Supreme Court, inter alia, granted the petition, appointed an independent guardian to manage the person and property of Joan A. C., and, in effect, denied the cross-petition.
"For a court to exercise its discretion to appoint a personal needs and/or a property management guardian, it must make a two-pronged determination" (Matter of Maria Z. [Bonifacio Z.], 204 AD3d 930, 931; see Mental Hygiene Law § 81.02[a]). "With respect to the first prong, when seeking to appoint a personal needs guardian, the court must first determine that 'the appointment is necessary to provide for the personal needs of that person, including food, clothing, shelter, health care, or safety'" (Matter of Maria Z. [Bonifacio Z.], 204 AD3d at 931, quoting Mental Hygiene Law § 81.02[a][1]). "Similarly, in appointing a property management guardian, with respect to the first prong, the court must first determine that 'the appointment is necessary . . . to manage the property and financial affairs of that person'" (Matter of Maria Z. [Bonifacio Z.], 204 AD3d at 931, quoting Mental Hygiene Law § 81.02[a][1]). "The second prong concerning either the appointment of a personal needs or a property management guardian requires that the court [*2]determine 'that the person agrees to the appointment, or that the person is incapacitated'" (Matter of Maria Z. [Bonifacio Z.], 204 AD3d at 931, quoting Mental Hygiene Law § 81.02[a][2]). The petitioner has the burden of establishing the alleged incapacitated person's incapacity and need for a guardian by clear and convincing evidence (see Mental Hygiene Law §§ 81.02[b]; 81.12[a]).
Here, the hearing record established Joan A.C.'s incapacity by clear and convincing evidence (see id. § 81.02[b]), and supported a finding that the appointment of a guardian was the least restrictive form of intervention necessary to provide for Joan A.C.'s personal needs and to manage her property and financial affairs (see id. § 81.02 [a], [b]; Matter of Maria Z. [Bonifacio Z.], 204 AD3d at 931). Further, the Supreme Court providently exercised its discretion in appointing an independent guardian (see Matter of Dorothy K.F. [Michael F.-Stephanie F.], 145 AD3d 887, 888; Matter of Beatrice R.H. [Dean E.H.-Penny F.H.], 131 AD3d 1058, 1059; Matter of Ollie D., 30 AD3d 599, 600).
The appellant's remaining contentions are without merit.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court